## WILLIAM E. HERTZ v. WATAB PAPER COMPANY AND ANOTHER.[1]

April 17, 1930.

No. 27,824.

*Atwood & Quinlivan,* for relator.

*W. H. Stewart* and *K. A. Campbell,* for respondents.

DIBELL, J.

Certiorari to review an order of the industrial commission denying compensation to William E. Hertz, who sustained an injury

[1]Reported in 230 N. W. 481.

while he was in the employ of the Watab Paper Company, of which the London Guarantee & Accident Company was the insurer.

On September 25, 1928, the relator while working for the defendant paper company at Sartell, Minnesota, sustained an injury in the pelvic region by a fall. The commission found that the injury arose out of and in the course of his employment. It declined to find a causal connection between the fall and the condition from which the relator is suffering. Therefore compensation was denied.

The relator has a cancer and total permanent disability. This disablement dates from about December, 1928. The evidence is quite sufficient to sustain a finding that the injury from the fall resulted in the cancer. The question is whether the commission's finding to the contrary is sustained.

The relator at the time of his fall was apparently a strong, healthy man. The work which he did in the mill was very hard and heavy work. He complained of his injury and showed evidences of it. He did not leave his employment, but after resting a few minutes completed his shift and worked from day to day thereafter without much complaint. The fall was not immediately disabling. He administered home remedies and kept at his work. It is not unusual to find working men doing as the relator did. On November 24, 1928, he was laid off with others because of the low water at the mill. Soon afterwards he consulted a local practitioner, who ascribed his injury to hernia. This diagnosis proved to be incorrect. In January, 1929, he was taken to the St. Cloud hospital, where X-rays were taken. Sometime in March he was taken to Minneapolis and X-rays were taken there.

All agree that the relator has a cancerous growth. It is progressive. It was the opinion of two of the doctors, one that he would live not longer than from 8 to 12 months, the other from 12 to 18 months, from the time of the trial in April, 1929. It is conceded substantially that the growth is malignant.

In Austin v. Red Wing Sewer Pipe Co. 163 Minn. 397, 204 N. W. 323, and Gaetz v. City of Melrose, 155 Minn. 330, 193 N. W. 691, the commission found that cancer arose from trauma in the course of the employe's work and awarded compensation and its award

was sustained. In Hogan v. Twin City A. T. Estate, 155 Minn. 199, 193 N. W. 122, compensation was denied by the commission for a fibroid tumor which it was claimed had been aggravated by an accident. The court held the evidence sufficient to prove cause and effect and remanded the case because of the wrong view taken by the commission of the nature of the proof required. In Storing v. Hotel Radisson Co. 177 Minn. 519, 225 N. W. 652, the finding of the commission against the existence of a cancer as the result of accident was sustained. There are many cases in other jurisdictions holding one way or the other upon a like question.

Four physicians expert in the reading of X-ray plates and in the diagnosis of cancer testified. Three were called by the relator and one by the respondents. So far as the reading of their testimony informs us they were generally fair. They appear particularly well qualified. There was some disagreement among them. The three called by the relator were of the opinion that the fall caused the plaintiff's cancer. They were not always certain or in agreement on particular points; but the sum of their testimony was definitely to that effect. The one called by the employer was unwilling to concede that the fall had anything to do with the starting of the cancer. It was his suggestion that the relator may have had a malignancy before the accident. This point was not stressed, and we leave it with the statement that the aggravation of an existing infirmity or an exciting cause may be sufficient to sustain an award. Hogan v. Twin City A. T. Estate, 155 Minn. 199, 193 N. W. 122; Klika v. Independent School Dist. 166 Minn. 55, 207 N. W. 185.

We note that a physician apparently employed by the insurance company examined the relator for a number of days at two different times; there may have been two physicians. The benefit of their testimony was not afforded the commission.

Under our practice we follow the findings of fact of the commission. There is evidence in support of them. Weighing the evidence we would come to a different result, not because there were three witnesses against one for the relator, nor because one or more physicians who apparently had made an extended examination for the insurance company were not called; but because the evidence in

our view points very forcefully to the fall as the cause of the cancer. It does not amount to a demonstration, but not once in many times would the relation of cause and effect under such evidence not be found. If we were finding the fact we would find cause and effect. The medical testimony is strongly to that effect. Without holding that the finding of the commission is without support, we feel that there should be a further investigation of the facts with the hope of getting a more certain conclusion. That a further examination now would tend to eliminate error is fairly assured.

Upon our own motion the case is remanded to the commission to take such further evidence as may be offered and upon the consideration of it, in connection with that already in the record, to report its further findings and make such order as it sees fit.

Remanded for further evidence.

WILSON, C. J. (dissenting).

I do not concur in this practice, which I think is a bad precedent; though I think the finding should have been for the employe.