# EDWARD J. KEANE AND ANOTHER v. ARROWHEAD STEEL PRODUCTS COMPANY AND ANOTHER.[1]

October 17, 1930.

No. 28,021.

*Snyder, Gale & Richards,* for relators.
*Felix Moses,* for respondents.

LORING, C.

This case came to this court on a writ of certiorari to review the decision of the industrial commission awarding compensation to surviving dependents of Leo Miles Keane, deceased employe. It is the contention of the employer and the insurer that the evidence does not justify the finding of the commission that the deceased employe sustained an injury-producing accident while engaged in his employment or that his death was caused thereby.

Keane was engaged in operating a machine which finished piston castings for automobile engines. In so doing he frequently received puncture wounds from particles of metal which were detached from the casting. He admitted before his death that he was accustomed

[1]Reported in 232 N. W. 621.

to picking out these particles at night at his home with an ordinary needle. He died from tetanus, and his attending physician testified that in his opinion the tetanus germs entered his system through the puncture wounds. The doctor's testimony is very clear, and he satisfactorily eliminates all other possible causes of death. That the puncture wounds were received in operating the machine and that they caused the death of the employe was established to the satisfaction of a majority of the commission, and we are satisfied by the record that the wounds were received in the course of employment and were the proximate cause of the death. It was to be expected that the employe would use some instrument to remove the metal particles from the puncture wounds and that he would not sterilize the instrument as a nurse or doctor would do. That the infection followed was a natural and probable consequence. State ex rel. Adriatic Min. Co. v. District Court, 137 Minn. 435, 163 N. W. 755, L. R. A. 1917F, 1094; Gardner v. United Surety Co. 110 Minn. 291-299, 125 N. W. 264, 26 L.R.A.(N.S.) 1004.

That the wounds were received while operating the employer's machine is at least as clear as it was in State ex rel. Albert Dickinson Co. v. District Court, 139 Minn. 30, 165 N. W. 478, where this court upheld a finding in favor of the employe. The peculiar character of these puncture wounds inflicted by the machine and found upon the employe's hands together with the doctor's testimony is sufficient ground for the finding that the wounds were received by the employe while working on the relator's machine.

In the case of Burrell & Sons, Ltd. v. Selvage, 90 L. J. K. B. D. 1340, the employe suffered disability due to scratches received from time to time, some of which suppurated and caused septic poisoning. It was claimed in that case as in the case at bar that inasmuch as there was no proof that the disability was due to any particular scratch, the employe's case failed. The House of Lords however held in favor of the injured employe, saying [p. 1342]:

"In the present case personal injury was suffered, it was suffered by accident, the accident is no less accidental because it occurred on a series of occasions instead of on one"; and again, "* * * the

compensation is paid not for the accident, but for the personal injury caused by the accident. In a case in which the contraction of disease is the injury for which compensation is to be given, it cannot be material that the disease was contracted by reason of a succession of scratches suffered over a period of some four months. Not the scratches, but the disease resulting from the scratches, formed the injury here for which compensation was given by the act." See also Lord Birkenhead's opinion in Innes v. Kynoch, 88 L. J. P. C. 85, at p. 87.

Affirmed, writ discharged, and the respondent's attorneys are allowed $75 attorneys' fees in this court in addition to the usual taxable costs and disbursements.