**TRAVELERS INS. CO. v. NORTON, Deputy Com'r, Third Compensation Dist.**

No. 1221.

District Court, D. Delaware.

July 26, 1938.

tion District, under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

### Facts.

Boleslaws (Boles) Kozlowski was employed as a longshoreman on a vessel at the Marine Terminal, Wilmington, Delaware. May 21, 1928, while so employed, a piece of ore fell about 20 feet from a bucket and struck Kozlowski on the top of the head. Compensation for permanent total disability was paid by plaintiff to Kozlowski pursuant to a compensation order of the deputy commissioner dated December 7, 1928. This compensation was $19 per week during 189 weeks, from May 21, 1928, to January 3, 1932, totaling $3,585.57.

Kozlowski died January 2, 1932, as the result of the injury occurring May 21, 1928. The deputy commissioner found that his mental and physical condition progressively deteriorated from the time of the injury until his death. The direct cause of his death was pulmonary tuberculosis. The deputy commissioner found that "the pulmonary tuberculosis more readily attacked him because of the weakened condition resulting from the injury, or, if present in a latent or early form at the time of the injury, was activated and aggravated by said injury and its results".

February 16, 1932, the deputy commissioner made a compensation order awarding death benefits to Pauline, wife of Kozlowski, and to his children until they arrived at 18 years of age. These benefits were paid until April 2, 1937, at which time they were discontinued. The total amount of death benefits, including funeral expenses, paid under that order was $3,914.43.

June 14, 1937, Pauline Kozlowski applied under Section 18 of the Act, 33 U.S.C.A. § 918, for a supplemental order and that plaintiff and Delaware Terminal Company, the employer, be declared in default. August 4, 1937, the deputy commissioner made the following supplemental award: "The employer, Delaware Terminal Company, and the insurance carrier, the Travelers Insurance Company, shall pay forthwith to the said Pauline Kozlowski, death benefits in default in the sum of $119.70, and shall continue the payment of death benefits in bi-weekly installments to the said Pauline Kozlowski at the rate of $9.975 per week beginning June 26, 1937, until death benefits paid

William H. Bennethum (of Marvel, Morford, Ward & Logan), of Wilmington, Del., and Charles E. Kenworthey and John B. H. Carter (of Evans, Bayard & Frick), both of Philadelphia, Pa., for plaintiff.

John J. Morris, Jr., U. S. Atty., of Wilmington, Del., and Ward E. Boote, Asst. Chief Counsel, U. S. Employees' Compensation Commission, of Washington, D. C., for defendant.

E. Herman Fuiman, of Philadelphia, Pa., for Pauline Kozlowski, intervener.

NIELDS, District Judge.

This is a bill in equity to review and suspend a supplemental compensation order awarding additional death benefits, made August 4, 1937, by defendant, Deputy Commissioner of the Third Compensa-

hereunder and under the compensation order of February 16, 1932, including $200 funeral expenses, shall aggregate the sum of $7,500, or until the further order of the deputy commissioner."

February 8, 1938, Pauline Kozlowski petitioned for leave to intervene in this cause as a party defendant and that she "be permitted to file an answer so that the court may have all the questions of fact and law at issue determined at the final argument and hearing". Leave to intervene was granted and in due course she filed an answer.

### The Statute.

This Federal compensation act is entitled "An Act To provide compensation for disability or death resulting from injury to employees in certain maritime employments, and for other purposes."

Section 2, 33 U.S.C.A. § 902, provides various definitions of terms of the Act:

"(2) The term 'injury' means accidental injury or death arising out of and in the course of employment," etc.

"(10) 'Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment.

"(11) 'Death' as a basis for a right to compensation means only death resulting from an injury.

"(12) 'Compensation' means the money allowance payable to an employee or to his dependents as provided for in this Act, [chapter] and includes funeral benefits provided therein."

Sec. 4(b), 33 U.S.C.A. § 904 (b), provides: "Compensation shall be payable irrespective of fault as a cause for the injury."

Sec. 8(a), 33 U.S.C.A. § 908(a), provides: "Permanent total disability: In case of total disability adjudged to be permanent 66⅔ per centum of the average weekly wages shall be paid to the employee during the continuance of such total disability. * * *"

Sec. 9, 33 U.S.C.A. § 909, provides:

"(a) Reasonable funeral expenses not exceeding $200.

"(b) If there be a surviving wife * * 35 per centum of the average wages of the deceased, during widowhood, * * * and if there be a surviving child or children of the deceased under the age of eighteen years, the additionel amount of 10 per centum of such wages for each such child until the age of eighteen years."

Sec. 14(m), 33 U.S.C.A. § 914(m), provides: "The total compensation payable under this Act [chapter] for injury or death shall in no event exceed the sum of $7,500."

The total compensation paid under the compensation orders of December 7, 1928, and February 16, 1932, equals the maximum allowance or sum of $7,500. The additional compensation, ordered by the deputy commissioner in the supplemental award of August 4, 1937, is for compensation exceeding the sum of $7,500.

### Law.

The crux of this case is the proper construction of the "Longshoremen's and Harbor Workers' Compensation Act" and more particularly Section 14(m), 33 U.S.C.A. § 914(m), which provides: "The total compensation payable under this Act [chapter] for injury or death shall in no event exceed the sum of $7,500."

Defendant's position is that Sec. 14(m) provides a maximum amount of $7,500 payable to the injured employee and also a maximum amount of $7,500 payable to the widow and dependents. Plaintiff contends that under Sec. 14(m) the amount payable in any event shall not exceed a maximum of $7,500.

The accident insurance imposed upon employers by the Act covers three risks: (1) Disability, (2) disability and death, and (3) death. There is an over-all limit of $7,500. Such a limit is reasonable and perhaps necessary in such insurance.

"Compensation" is defined by the statute to mean: "The money allowance payable to an employee or to his dependents." Thus the term "compensation" with respect to which the $7,500 limit is fixed covers both disability and death payments. The word "total" shows that it is the aggregate of all compensation payments—not merely disability payments or death payment—that is limited to $7,500. The limit relates to the total compensation payable "under this Act" meaning under the provisions of the Act. The words "in no event" emphasize that under no circumstances shall the employer be called upon to pay more than $7,500.

Omitting the words "for injury or death," Section 14(m) reads: "The to-

246

tal compensation payable under this Act [chapter] shall in no event exceed the sum of $7,500." So read, the section places a limit of $7,500 upon all compensation for the results of one accident. Can the inclusion of the words "for injury or death" radically change the meaning of the section so that it will provide two independent limits of $7,500? Had Congress intended to refer disjunctively to compensation for disability and compensation for death it would have used the words "disability or death", not the words "injury or death". The fact that the limitation occurs in a section dealing with matters common to both disability and death claims indicates that an over-all limit applicable to both was intended.

■ Throughout the Act the words "injury or death" are used to embrace all the consequences of an accident whether disability, or death, or both. "Injury" is defined to mean "accidental injury or death", not one or the other, but both. "Compensation" is the remedy for "injury or death" meaning, of course, injury and death. It was clearly the intention of Congress to limit the liability of the employer for both injury and death to $7,500. This is very apparent when we substitute for the words "compensation" and "death" in Section 14(m) the definitions of those terms given in the Act. Thus: The total money allowance payable to an employee or to his dependents [compensation] under this Act, and including funeral benefits provided herein, for injury or for death resulting from an injury, [death] shall in no event exceed the sum of $7,500.

■ In Section 14(m) Congress used "or" meaning "and".

■ "In the construction of statutes, it is the duty of the court to ascertain the clear intention of the legislature. In order to do this, courts are often compelled to construe 'or' as meaning 'and' and again 'and' as meaning 'or'." United States v. Fisk, 70 U.S. 445, 447, 3 Wall. 445, 447, 18 L. Ed. 243.

"* * * 'or' may be construed to mean 'and' when necessary to make the statute express the true legislative intent," etc. 46 Corpus Juris, 1127, and authorities cited.

According to Section 4(b) of the Act, 33 U.S.C.A. § 904(b), an employer is required to pay compensation "irrespective of fault as a cause for the injury". In other words, the employer must pay although he is without fault of any kind—even if the injury is due to the employee's own fault. Such a radical departure from old principles should be hedged about by clearly expressed limitations. If employers must insure their employees against all accidents during employment, they should be definitely advised of the extent of this added liability. It is better for the employers to make moderate payments for all accidents, according to the accepted social teaching of the day, than that they pay in full only after fault is proved. Only when compensation payments are limited in amount is there any fair basis for requiring the employer to pay in all cases, regardless of responsibility for the accident. Sound business requires that an employer should be able to make a fair estimate of his liabilities. A fortiori, an insurance company should know definitely the extent of its obligations.

■ The broad purpose of the Act is to compensate for the loss of wages. In case of permanent total disability—"66⅔ per centum of the average weekly wages shall be paid to the employee during the continuance of such total disability." 33 U.S.C.A. § 908(a). In every normal workman's home the pay envelope with the week's wages goes to the wife for the benefit of the family. In place of the pay envelope the insurance company remits a check for two-thirds of the wages which the wife expends for her disabled husband, for herself and the children. In case of death, the widow receives "35 per centum of the average wages of the deceased, during widowhood, * * * with two years' compensation in one sum upon remarriage; and if there be a surviving child or children of the deceased under the age of eighteen years, the additional amount of 10 per centum of such wages for each such child until the age of eighteen years;" etc. The same person as wife or widow shares the compensation.

An over-all limit of $7,500 was specifically dealt with in debate while the measure was before Congress. The New York members urged that the Act contain no limit in dollars but no one suggested that the $7,500 limit was really two separate limitations, one for disability payments and one for death payments. On the contrary, Congressman Boylan said: "I do not approve of the limitation contained in the bill restricting the total amount to $7,-

500." 65 Cong.Rec.Pt. 5 (69th Congress, second session) pp. 5412–13.

A suit involving the same question has been decided by the Circuit Court of Appeals for the Second Circuit. That court placed a construction on the Act contrary to that reached in this case. International Mercantile Marine Co. v. Lowe, 93 F.2d 663, 115 A.L.R. 896. With the greatest respect to that court I cannot adopt its reasoning or conclusion.

This opinion contains a statement of the essential facts and of the law applicable thereto in conformity with Equity Rule 70½, 28 U.S.C.A. following section 723.

A decree in accordance with this opinion may be submitted.