HUGO W. BOBERTZ, PETITIONER-DEFENDANT, v. TOWNSHIP OF HILLSIDE, RESPONDENT-PROSECUTOR.

Argued October 2, 1940—Decided October 18, 1940.

Before Justices BODINE and PORTER.

For the respondent-prosecutor, *Nathan Rabinowitz* and *Isadore Rabinowitz.*

For the petitioner-defendant, *Kellogg & Chance (R. Robinson Chance).*

BODINE, J. The petitioner was a sewer inspector in Hillside township. On September 28th, 1937, he was making a routine inspection. Finding one of the sewers clogged he went down a manhole to effect a repair. He slipped on the step, spattered his face and mouth with sewage. Within the period of incubation he came down with a virulent attack of typhoid fever. The bureau refused compensation; the Court of Common Pleas properly awarded it. *Lundy* v. *Brown & Co.,* 93 *N. J. L.* 107, 469; *Lazzio* v. *Primo Silk Co.,* 114 *Id.* 450; 115 *Id.* 506; *Hentz* v. *Jansen Dairy Corp.,* 122 *Id.* 494; *Bollinger* v. *Wagaraw Building Supply Co.,* 122 *Id.* 512.

There was no denial of the occurrence of the accident as related by the petitioner. It is argued that it lacked corroboration. At work in a sewer manhole, petitioner was removed from public gaze. The restoration of a semblance of cleanliness would have been immediate. No doubt similar occurrences focused no particular attention upon his work clothes. It was urged upon us that the failure to mention the circumstances to his attending physicians cast a doubt upon the occurrence of the accident. A typhoid fever patient is usually incoherent in mental processes.

That sewage may contain typhoid fever germs is too well demonstrated by the proofs to admit of doubt and also that human beings may be infected, if germs reach the nose and mouth. No one else in petitioner's family was infected by the disease so there is no reason to suppose that there was any home cause of infection.

Petitioner's mental search for the cause of his disease may have proceeded slowly, not only because of his illness but

because the accidental slip of September 28th, 1937, did not loom large in his mind until after his recovery from the illness which almost cost him his life. Many people do not regard every slip in the day's work as a matter to be publicly recorded, to the end that if the results be disastrous they may be corroborated by proof that they made such claim before. Had the danger encountered on the day of the accident made a great impression upon petitioner's mind, he would no doubt have sought serum treatments. Delay does not bar the assertion of a claim to compensation within the statutory period. The employer had timely notice of the injury. *General Cable Corp.* v. *Levins,* 122 *N. J. L.* 383; *affirmed,* 124 *Id.* 223.

As before indicated, the proofs demonstrate that the probable cause of petitioner's disease was the infection from the sewage spattered on his face when he slipped in the manhole. *Hercules Powder Co.* v. *Nieratko,* 113 *N. J. L.* 195.

The allowances of recovery for medical, surgical, hospital and nursing services under the circumstances proved was proper. *N. J. S. A.* 34:15-15; *Osborne* v. *Consolidated Stone and Sand Co.,* 109 *N. J. L.* 590; *Mecca* v. *Phoenix Brass Fittings Corp.,* 124 *Id.* 6. The allowances to counsel were within the statute.

Judgment is affirmed.