**184 P.2d 300**

**HARLOW v. HARE.**

**No. 5041.**

Supreme Court of New Mexico.

Sept. 3, 1947.

Otto Smith and Dee C. Blythe, both of Clovis, for appellant.

Dailey & Rogers, of Albuquerque, for appellee.

McGHEE, Justice.

The appellee, plaintiff below, was awarded $420.21 for total temporary disability from January 3 to June 18, 1943, $450 for partial permanent disability, and $252.50 for attorneys' fees and court costs, on account of a latent injury to his left hand caused by a fall on February 2, 1943, while working as an electrician for the defendant, Hare. The employer had actual knowledge of the fall and had the plaintiff carried to a hospital where he remained for seven days. The injuries then appeared to be a wrenched back and left arm. The only treatment given the hand was the application of an antiseptic. The plaintiff returned to work for Hare on February 11, 1943, after being paid $5.14 compensation by the defendant insurance carrier. It is conceded that this sum did not cover the wrist injury which later became apparent.

The only defense asserted here is that when the suit was filed December 26, 1944,

it was barred by limitation under Section 57-913, 1941 Code.

The plaintiff left Hare's employ shortly after February 11, 1943, and went to Utah. It is apparent from his conversations with two of Hare's foremen about July 1, 1943, that the hand had given him some trouble there and they told him that Hare would pay for any lost time or medical expenses on account thereof, but there is no evidence in the record to show that any one then considered the hand injury of any importance, and, according to the findings of the court, it was not until he had to quit work on January 3, 1944, and went to a skin specialist in Denver, Colorado, that he learned that the hand was in a serious condition. He was sent by airplane to the Mayo Clinic where he underwent radical surgery for an ulceration of the left palm and wrist. The hand was saved but was left with twenty-five percent. total permanent disability at the wrist.

The contention of the defendants that the plaintiff underwent a surgical operation on his hand in Utah about April 1, 1943, and limitation then started running must be disregarded as there is no evidence to support it. It is true that plaintiff's Exhibit 1, which is a report of a physician of an examination of the plaintiff made on June 29, 1945, contains such a statement, and the entire letter was admitted in evidence but just before the close of the case the defendants moved that all of the letter except the diagnosis be stricken, and this motion was sustained. This leaves unimpeached the finding of the trial court that the nature and extent of the hand injury was unknown until the diagnosis in Denver on January 3, 1944, and a like diagnosis at the Mayo Clinic on January 5, 1944.

We had the question of when the limitation statute in the Workmen's Compensation Act begins to operate on a latent injury before us in Anderson v. Contract Trucking Company, 48 N.M. 158, 163, 146 P.2d 873, 876, and there said:

"We are prepared to say now, with the question squarely presented, * * * that the limitation statute begins to operate, not from the date of the accident, unless the accident and injury must necessarily be treated as concurring incidents with no latent and undiscernible injury present; but it begins to run 'from the time of the employer's failure to pay compensation for disability when the disability can be ascertained and the duty to pay compensation arises.' Salt Lake City v. Industrial Commission [93 Utah 510, 74 P.2d 657, 658]."

The findings of fact of the trial court are supported by substantial evidence and we reaffirm our decision in Anderson v. Contract Trucking Co., supra, and hold that limitation did not start running until January 3, 1944, and that the plaintiff's claim was timely filed.

A fee of $250 will be allowed the plaintiff's attorneys for services in this court.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN and SADLER, JJ., concur.

COMPTON, J., having heard case below, not participating.