353 P.2d 680

**Louis MONTELL, Claimant, Plaintiff-Appellant,**

**v.**

**Howard M. ORNDORFF, d/b/a Duke City Tool & Engineering Company, Employer; and U. S. Fidelity and Guaranty Company, Insurer, Defendants-Appellees.**

No. 6666.

Supreme Court of New Mexico.

June 30, 1960.

Rehearing Denied July 29, 1960.

Rueckhaus & Watkins, Albuquerque, for appellant.

Keleher & McLeod, Russell D. Moore, Albuquerque, for appellees.

McGHEE, Chief Justice.

This is an appeal from a summary judgment against a workmen's compensation claimant for failure to give notice to his employer as required by § 59–10–13, N.M. S.A., 1953 Comp., as follows:

" * * * Any workman claiming to be entitled * * * to compensation * * * shall give notice in writing of such accident and of such injury to such employer within thirty (30) days after the occurrence thereof, * * *. provided, that no such written notice shall be requisite where the employer or any superintendent or foreman or other agent in charge of the work in connection with such injury occurred had actual knowledge of the occurrence thereof. * * * In event he shall * * * fail to give such notice within the time required, * * * his claim for such compensation and all right to the recovery of the same * * * shall be and is hereby forever barred."

As related in claimant's deposition, the facts are these: The claimant is a machinist. On September 28, 1957, while in the course of his employment and while occupied in the process of flamecutting a large piece of steel about five feet square and four inches thick, he shifted the position of the steel on the cutting table. While thus moving the steel, claimant's foot slipped and he felt a burning sensation down low on his right side which lasted just for a moment after which claimant became sick at his stomach. He continued to work for about an hour and began to feel more sick at his stomach. He then told the work foreman that he felt bad and wanted to go home, which he did. The next working day was a Monday and when claimant returned to work he was discharged from his job.

On October 31, 1957, the claimant was given a physical examination in connection with his application for other employment. The examining doctor informed claimant that he had a hernia. On November 5, 1957, claimant underwent surgery for repair of a hernia on his lower right abdomen. On November 20, 1957, the operating surgeon told the claimant he would not be able to lift over fifty pounds the rest of his life and that the hernia had been caused by lifting something heavy. When the doctor made this statement, the claimant, for the first time, connected his injury with his exertions on September 28, 1957, in moving the steel plate, which incident represented the only time the claimant had done any kind of physical work to amount to anything, and the only time he had experienced pain. He had no hernia or symptoms of hernia before that date and he had had physical examinations in March of 1957, and also in 1953 and 1952. From the time claimant sustained his injury until he was informed he had a hernia, the claimant thought he was suffering from Asiatic flu, which was then prevalent in Albuquerque where the claimant lived.

On December 19, 1957, the claimant's attorney sent a written notice of accident and injury to the employer, which was received the following day.

On this appeal the claimant contends that this notice was sufficient under the statute under the principle of Elsea v. Broome Furniture Company, 1943, 47 N.M. 356, 143 P.2d 572, where it was held the employee's failure to give notice of a result flowing from his injury was excused where the employee had no knowledge of the true seriousness of his injury and expert medical attention was necessary to establish the causal connection between the injury and the result.

The employer relies upon our decision in Copeland v. Black, 1959, 65 N.M. 214, 334 P.2d 1116, which arose out of a situation very like that before us now and where we held the notice to be insufficient. That case emphasized the importance of timely notice to the employer in order that he may examine the facts of an accident while they are still accessible and provide medical treatment for the employee.

■ These considerations are very important, but they are to be given effect within the framework of legislation having as its object the provision of care and compensation for workmen who are injured by accident in the course of their employment. The Workmen's Compensation Act is remedial legislation and should be liberally construed to effect its purposes. Gonzales v. Chino Copper Co., 1924, 29 N.M. 228, 222 P. 903. Under the construction urged by the employer, as to a workman who does not know he has sustained a compensable injury, or who is not chargeable with that knowledge, the effect of the statute would be to require the impossible. We cannot attribute this result to legislative intent.

The status of American decisions on the issue raised here is well stated in 2 Larson's Workmen's Compensation Law, at page 251, as follows:

"Under most acts, the employee must give his employer notice of injury as soon as practicable, or within a specified number of months, and must also file his claim for compensation with the administrative agency within a fixed period, usually one to two years. Since the purpose of the notice requirement is to enable the employer to protect himself by prompt investigation and treatment of the injury, failure to give formal notice is usually no bar if the employer had actual knowledge or informal notice sufficient to indicate the possibility of a compensable injury, or if the employer furnished medical service or paid some compensation, or, in many jurisdictions, if the employer was not prejudiced by the lack of notice. Moreover, since the law does not exact the impossible of the employee, lateness of both notice and claim may be excused for various reasons, including the following: impossibility of knowing that an appar-

ently minor accident would later develop into a compensable injury; reasonable inability to recognize a disease or disabling condition in an early or latent stage; medical opinion that the injury is not serious or is nonindustrial; voluntary payment of benefits by the employer, or assurances that the employee will be taken care of, inducing the employee to refrain from making claim; and disability preventing the making of the claim, due to mental or physical incapacity, minority, and the like. Some statutes, however, by making the claim period run from the date of 'accident', have produced holdings that an injury which manifests itself for the first time after the period has expired is nevertheless barred. The right to assert the statutory bar can, in most jurisdictions, be lost by waiver, through the payment of compensation, the failure to raise the defense promptly, or the admission of liability."

Further, at Vol. 2 Larson's Workmen's Compensation Law, p. 260, it is said:

"Except under statutes expressly dating the limitations period from the 'accident', the time for notice or claim does not begin to run until the claimant, as a reasonable man, should recognize the nature, seriousness and probable compensable character of his injury or disease."

In the note following, No. 25, cases are collected from the numerous jurisdictions in support of the statement. The case of Minardi v. Pacific Airmotive Corp., 1957, 43 N.J.Super. 460, 129 A.2d 51, 55, is very like the case before us. The court rejected a claim that notice must be given within forty-eight hours after the occurrence of hernia, saying that it could hardly have been the legislative intent that the employee give notice of "every slight accident, scratch, pinprick, or blow suffered in his work." We quote from that opinion:

"A reasonable construction of N.J.S.A. 34:15-12(x) is that where there is a traumatic hernia, compensation will be allowed if notice thereof is given by the claimant to the employer within 48 hours after the hernia became manifset; that is, within 48 hours of the time that—by the exercise of reasonable care and diligence—it is discoverable and apparent that a compensable injury has been sustained. In the case *sub judice,* the hernia became manifest, discoverable and apparent on May 28, 1954, when petitioner received a medical examination when he applied for a position with American Airlines. This was 21 days after the incident of May 7, 1954.

"The reasons for said rule of construction are obvious: It relieves the employee of an unreasonable burden. It relieves the employer of the burden

of investigating every case of slight injury until all possibility of resulting incapacity shall have passed. Furthermore, the Workmen's Compensation Act does not contemplate the payment of damages for accidental injuries, no matter how painful. It is only the disability or loss of earning power which results from the injuries that calls for compensation. So when the act speaks of the occurrence of injury or the occurrence of the hernia, it refers to compensable injuries and these occur when disability appears—in other words, when the injury or hernia becomes manifest. See Clausen v. Minnesota Steel Co., supra, 186 Minn. 80, 242 N.W. 397."

In Clausen v. Minnesota Steel Co., 1932, 186 Minn. 80, 242 N.W. 397, 398, the Court said:

"* * * It is common knowledge that accidents may injure some parts of the physical structure of the body not open to view nor suspected of having received an injury, nor causing disability until long after the accident. The injury is there, but latent and hidden. There are accidents so trivial in apparent results at the time that neither the one who might witness the same nor the victim thereof would anticipate disability therefrom; yet the subsequent development thereof may cause, not only loss of members, but

67 N.M.—11

life itself. Examples of such appear in the decisions of this court. Walker v. Minnesota Steel Co., 167 Minn. 475, 209 N.W. 635; Hertz v. Watab Paper Co., 180 Minn. 177, 230 N.W. 481; Keane v. Arrowhead Steel Products Co., 181 Minn. 359, 232 N.W. 621. The Workmen's Compensation Act does not contemplate the payment of damages for accidental injuries, no matter how painful. It is only the disability or loss of earning power which results from the injuries that calls for compensation. So when the act speaks of the occurrence of injury it refers to compensable injuries, and these occur when disability appears. * * *"

See also Panchak v. Simmons Co., 1954, 15 N.J. 13, 103 A.2d 884. Buzza v. General Motors Corp., 1958, 49 N.J.Super. 322, 139 A.2d 790, contains indications of a contrary ruling but that case is distinguishable on its facts from the Minardi and Panchak cases since the workman was chargeable with notice he had sustained a compensable injury.

The principles we have heretofore announced concerning the timeliness of claims for latent injuries apply with equal reason and force in considering the timliness of notice of accident and injury. The period limited for this notice begins to run from the time the workman knows, or should know by the exercise of reason-

able diligence, that he has sustained injury by accident in the course of his employment. Letteau v. Reynolds Electrical Co., 1955, 60 N.M. 234, 290 P.2d 1072; Harlow v. Hare, 1947, 51 N.M. 326, 184 P.2d 300; Anderson v. Contract Trucking Co., 1944, 48 N.M. 158, 146 P.2d 873; Elsea v. Broome Furniture Co., 1943, 47 N.M. 356, 143 P.2d 572.

· If there is any conflict between the ruling here announced and the cases of Copeland v. Black, 1959, 65 N.M. 214, 334 P.2d 1116, and Yardman v. Cooper, 1959, 65 N.M. 450, 339 P.2d 473, they are overruled to the extent of the conflict.

In our consideration of this case argument has been made that certain language in § 59–10–13, N.M.S.A., 1953 Comp., distinguishes our notice requirement from those of other states which have been construed to allow dating of the time for notice from the time the injury becomes apparent, rather than from the time of the occurrence of the accident. To show the line of argument, we quote again from our statute:

"The compensation herein provided shall be paid by the employer to any injured workman entitled thereto in semi-monthly instalments as nearly equal as possible excepting the first instalment which shall be paid not later than thirty-one (31) days after the date of such injury. Any workman claiming to be entitled under this act (sections 57–901—57–931 [59–10–1 to 59–10–31]) to compensation from any employer on account of injury suffered by accident arising out of and in the course of his employment shall give notice in writing of such accident and of such injury to such employer within thirty (30) days after the occurrence thereof, unless prevented by such injury or other causes beyond his control, and, if so prevented, as soon as the same may be reasonably done, *and at all events not later than sixty (60) days after such accident;* * * *" (Emphasis supplied).

On the basis of the italicized portion of this section it has been asserted in argument that while a workman suffering a latent injury is excused from filing notice of "such accident and of such injury" within the thirty-day period, that under no circumstances can the notice of accident and injury be given later than sixty days "after such accident."

If the foregoing language contained all that the statute had to say on the matter, this might be a permissible construction, but there is more. Immediately after the material quoted above, the statute continues:

"Provided, that no such written notice shall be requisite where the employer or any superintendent or foreman or other agent in charge of the work in connection with such injury

occurred had actual knowledge of the occurrence thereof. *Except in the case of such workman being prevented from giving notice by his injuries and in case where no notice is required no workman failing to give such notice within said thirty (30) days after such injuries occurred shall be allowed to recover any compensation on account of such injury under any circumstances whatever for the period he shall remain in default in giving such notice. * * *"* (Emphasis supplied).

██ Two things are notable about this portion of the statute. First, the giving of notice is related to the *occurrence of the injuries,* not the occurrence of the accident. Second, a workman who inexcusably delays the giving of notice beyond the thirty day period is docked his compensation for the period of his default. In view of the further language of the statute:

"In event he (the workman) shall either fail to give such notice within the time required, or fail to file such claim within the time hereinafter required, his claim for such compensation and all right to the recovery of the same and the bringing of any legal proceeding for the recovery thereof shall be and is hereby forever barred. * * *"

the denial of compensation for the period the workman remains in default in giving notice must relate to the interval between the thirty and the sixty-day period, and it must relate to workmen who are chargeable with notice of compensable injury. In effect, then, a workman who is fully cognizant of his accident and the extent of his injuries can delay filing his claim within the thirty-day period, provided he gets it in within sixty days, but he does so at the cost of compensation loss for the period of his default. We do not think it can reasonably be argued that the legislature intended the sixty-day period as an absolute shut-off date for notice of accident and latent injury, since the statute contains something resembling a thirty-day grace period for cases of patent injury.

Finally, we take notice of fears expressed as to the danger of fraudulent claims in hernia cases. Our attention has been directed to Martin v. White Pine Lumber Co., 34 N.M. 483, 284 P. 115, 116, where we said with reference to the hernia provisions of § 59–10–18, N.M.S.A., 1953 Comp.:

"Counsel seem to agree that the special provisions concerning hernia were included in the statute because of special difficulties in dealing with that ailment and because, from its nature, it offered an easy means of imposition and fraud."

Suffice it to say that it has always been the business of the courts to guard against

164

the making and allowance of fraudulent claims and we are confident they will continue to do so.

The case is reversed and remanded for trial wherein the factual issue of timeliness of notice shall be determined by the fact finder in accordance herewith.

It Is So Ordered.

COMPTON and CHAVEZ, JJ., concur.

MOISE, Justice (dissenting).

We are here called upon to interpret § 59–10–13, N.M.S.A.1953, insofar as the same requires notice of an accident. To do so it is important that the pertinent parts of the section be considered, and to that end we quote it, as follows:

"* * * Any workman claiming to be entitled under this act (sections 57–901—57–931 (59–10–1 to 59–10–31)) to compensation from any employer on account of injury suffered by accident arising out of and in the course of his employment shall give notice in writing of such accident and of such injury to such employer within thirty (30) days after the occurrence thereof, unless prevented by such injury or other causes beyond his control, and, if so prevented, as soon as the same may be reasonably done, and at all events not later than sixty (60) days after such accident; Provided, that no such writ-

ten notice shall be requisite where the employer or any superintendent or foreman or other agent in charge of the work in connection with such injury occurred had actual knowledge of the occurrence thereof. Except in the case of such workman being prevented from giving notice by his injuries and in case where no notice is required no workman failing to give such notice within said thirty (30) days after such injuries occurred shall be allowed to recover any compensation on account of such injury under any circumstances whatever for the period he shall remain in default in giving such notice. * *"

I have no quarrel with the quotation in the majority opinion from 2 Larson's Workmen's Compensation Law 251. To the same effect are the notes in 78 A.L.R. 1232, 92 A.L.R. 505, 107 A.L.R. 815 and 145 A.L.R. 1263.

The following in the quotation from Dean Larson should not be overlooked:

"Some statutes, however, by making the claim period run from the date of 'accident', have produced holdings that an injury which manifests itself for the first time after the period has expired is nevertheless barred."

That our statute is of this last mentioned type and even more definitely than any others to which my attention has been called

and demands such a result is clear as I will undertake to demonstrate.

The important provision in our statute is that notice be given of "such accident and such injury" within 30 days "after the occurrence thereof." If this was all that was said I could agree that the accident and injury might be considered as two different items or occurrences, and until the nature or extent of the injury was known the time would not begin to run. However, the section goes on to say that giving the notice may be excused if "prevented by such injury or other causes" beyond the control of the claimant and "if so prevented, as soon as the same may be reasonably done, *and at all events not later than sixty (60) days after such accident.*" I could easily agree that if the nature and extent of the injury was not known this would be something "beyond the control" of the claimant and could excuse the filing within 30 days. But what is meant by the statute when it goes on and says that if so prevented, notice must be given "as soon as the same may be reasonably done" and then goes on further and says, "and at all events not later than sixty days after such accident"?

To my mind, "at all events" means the same as "in no event." This term was defined in Travelers Ins. Co. v. Norton, D.C., 24 F.Supp. 243, 245, as meaning "under no circumstances." It seems to me that "at all events" means "under every circumstance" or "in every case," or "without exception." In view of the provision, then, which requires that the notice must be given within 60 days after the accident without exception, how can it be said that under certain circumstances the time can be extended? This can only be done if "accident" is something different than the untoward event giving rise to the injury, and if it can cover a period of time. That this may occur in certain cases may be conceded as witness Webb v. New Mexico Pub. Co., 47 N.M. 279, 141 P.2d 333, 148 A.L.R. 1002. However, here the claimant did no more work for the employer after the incident and so the accident must have happened on the last day of his work or not in the course of his employment.

In the quotation from 2 Larson's Workmen's Compensation Law 260, contained in the majority opinion, it is stated that the time for notice begins to run from the "accident" where the statute "expressly" dates "the limitation period from the accident." This is exactly what our statute does when it says the notice shall be given "at all events not later than sixty (60) days after such *accident*," this, in the same sentence as the clause which excuses notice within thirty (30) days after the occurrence of "such accident and such injury." The fact that the words "accident" and "injury" are both used in the first clause and only "accident" in the later clause must be assumed by us to have been

intentionally and not inadvertently done by the legislature. Carper v. Board of County Commissioners of Eddy County, 57 N.M. 137, 255 P.2d 673. Unless there is some controlling consideration otherwise, we must assume that the legislature chose its words carefully to say exactly what it meant, and to accomplish the ends desired by it. In re Cox' Estate, 57 N.M. 543, 260 P.2d 909.

It is a long standing rule of statutory construction that "each and every part of the statute, where possible, must be given same effect in an effort to reconcile it in meaning with every other part." Cox v. City of Albuquerque, 53 N.M. 334, 207 P.2d 1017, 1021. Again in this same case it was stated that "particular clauses and phrases should not be studied as detached and isolated expressions, but the whole and every part of the statute must be considered in fixing the meaning of any of its parts," citing State ex rel. Dresden v. District Court of Second Judicial District, 45 N.M. 119, 112 P.2d 506, 508. See also State ex rel. Murphy v. Morley, 63 N.M. 267, 317 P.2d 317, setting forth pertinent and helpful rules of statutory construction.

In the light of these rules can it be said that the legislature intended by the use of the word "accident" in the clause beginning "and at all events" it meant "accident and injury"? It would seem clear that the answer must be in the negative.

The majority makes reference to the remedial nature of the workmen's compensation legislation and to the rules requiring liberal construction. With this I am in complete accord. However, as was said in Martin v. White Pine Lumber Co., 34 N.M. 483, 284 P. 115, and again in Copeland v. Black 65 N.M. 214, 334, P.2d 1116, 1117, where the question at issue was the very one here being considered: " * * * liberal construction does not mean total disregard for the statute, or repeal of it under the guise of construction." I assert that is exactly what the majority do in the instant case.

Some support for the conclusions reached by the majority is sought in that part of § 59–10–13, which reads:

" * * * Except in the case of such workman being prevented from giving notice by his injuries and in case where no notice is required no workman failing to give such notice within said thirty (30) days after such injuries occurred shall be allowed to recover any compensation on account of such injury under any circumstances whatever for the period he shall remain in default in giving such notice."

The plain meaning of the quoted language to my mind, is nothing more nor less, than that where notice is not required to be given because the employer had knowledge of the accident, or where notice is

excused if not given within 30 days "after such injuries," (note the word used is not "accident"), because prevented "by such injury or other causes beyond his control," in those situations where he may be entitled to recover, he nevertheless shall not "under any circumstances" be entitled "to recover any compensation on account of such injury * * * for the period he shall remain (remained) in default in giving such notice."

Certainly there is nothing in the language quoted which in any way changes the notice limitation of 60 days "at all events." I fail to see how the quoted language gives the majority any aid or comfort.

How the case of Minardi v. Pacific Airmotive Corp., 43 N.J. Super. 460, 129 A.2d 51, cited by the majority and quoted from at length, helps their position is difficult for me to see. It should be pointed out in the first place that the decision is by a County Court, not one of the appellate courts of the state. In the second place, the section of the statute being interpreted differs materially from ours, since it required notice "within 48 hours of the occurrence of the hernia." "Occurrence of the hernia" is more reasonably equated with "injury" than with "accident." In the third place, considerable question is cast upon the correctness of the decision by the Appellate Division of the Superior Court of New Jersey, a higher court, in the later case of Buzza v. General Motors Corp.,

49 N.J.Super. 322, 139 A.2d 790, 793. Although the majority here would distinguish the Buzza case on its facts from the Minardi case, I submit there is no difference requiring a different result, and further that it is more nearly identical with the case at bar than is the Minardi case.

Concerning the Minardi case, the Appellate Division said, "The Minardi case does not help petitioner, even if regarded as correctly decided" thus inferring that it was not, and again said:

"* * * The Legislature had the right to fix the evidential and procedural prerequisites for a compensable hernia claim. The ordinarily applicable rule of liberality of construction of the Workmen's Compensation Act will not excuse judicial disregard of legislative intention made clearly manifest by a study of the background, objectives and contents of the statute as it stands, in order to foster what the court might deem more liberal treatment of an employee's claim. See Westinghouse Electric Corp. v. Board of Review, 25 N.J. 221, 234, 135 A.2d 489 (1957). Our obligation always is to enforce the legislative intent, once we are clear as to what that really is. In view of the above conclusion, we must overrule the construction of the hernia provision set forth by the County Court in Minardi v. Pacific Airmotive Corp., supra."

The conclusion reached in the case of Clausen v. Minnesota Steel Co., 186 Minn. 80, 242, N.W. 397, 399, cited and quoted from by the majority, resulted from the particular language of the statute there being interpreted. This language is materially different from that used by our legislature. That a different result would have been reached by the Minnesota court if the language of their statute had been comparable to ours is evident from the following quoted from the opinion:

"Where the statute provides that a claim for compensation is barred unless notice is given the employer or claim filed within a certain time from 'the accident,' or 'after the date of the accident,' or 'after the date upon which the injury occurs,' there is hardly room for construction."

As was done in the Buzza case in New Jersey, I would base my conclusion on what seems to me to be the clear language of the pertinent provision of our statute being interpreted. To this I would add, as did the New Jersey court, that hernias are a special type of disability and recognition of this by legislatures generally has resulted in certain extra requirements being made in workmen's compensation statutes in order to justify an award because of the same. See Larson's Workmen's Compensation Law, § 39.70. Our legislature provided for certain special conditions of proof in hernia cases in § 59-10-18. Concerning these requirements this court had the following to say in Martin v. White Pine Lumber Co., supra [34 N.M. 483, 284 P. 116]:

"Counsel seem to agree that the special provisions concerning hernia were included in the statute because of special difficulties in dealing with that ailment and because, from its nature, it offered an easy means of imposition and fraud."

It seems to me that in the light of the peculiar and specific language in our statute and the very evident intent of our legislature, we are forced to conclude that notice was not timely given. Elsea v. Broome Furn. Co., 47 N.M. 356, 143 P.2d 572, is not contra to this conclusion because there the employer had notice of the accidents when they happened, and this was all that was required and, accordingly, additional notice was excused. Letteau v. Reynolds Elec. Co., 60 N.M. 234, 290 P.2d 1072, points up that the "accident" and "injury" may be two separate items or "incidents" and notice was given. Anderson v. Contract Trucking Co., 48 N.M. 158, 146 P.2d 873, is another case where the happening of the accident was known to employer's superintendent and notice was excused. In Harlow v. Hare, 51 N.M. 326, 184 P.2d 300, the employer had actual notice of the accident. These cases merely point up that if the employer has notice

of the accident or if notice is given, the time for filing suit runs from the date when the employee knows or as a reasonable man should have known of the nature of his injuries.

The cases of Copeland v. Black, supra; Yardman v. Cooper, 65 N.M. 450, 339 P.2d 473, and Ogletree v. Jones, 44 N.M. 567, 106 P.2d 302, all being cases where the employer had no knowledge of the accident and notice was not timely given under the statute, correctly concluded that the claims were barred.

If the legislature intended something different from what they said, they should let it be known by amending the language to so indicate. The 1959 session of the legislature did some amending by repealing the old § 59–10–13, and substituting a new section (§ 59–10–13.4, N.M.S.A.1953, 1959 Supp.) which states the notice must be given "at all events not later than sixty (60) days after *the occurrence of* the accident." The italicized words were added. Without in any degree purporting to prejudge what the legal effect of the addition of these three words may be, it is not amiss to suggest that they certainly do not demonstrate an intention on the part of the legislature to liberalize the notice pro-vision, and make notice timely if done within 30 days or 60 days after the workman realizes he has a compensable injury.

Since, according to my views, the majority by their decision in this case have read into the statute what the legislature has not put there and have thereby arrived at an erroneous result, I dissent therefrom.

CARMODY, J., concurs.

On Motion for Rehearing

McGhee, Chief Justice.

This matter coming on before the Court for consideration on motion of Appellees for rehearing, and the Court having considered said motion and briefs of counsel and being sufficiently advised in the premises, Chief Justice McGhee, Mr. Justice Compton and Mr. Justice Chavez concurring, Mr. Justice Carmody and Mr. Justice Moise dissenting because of the views expressed in their dissenting opinion originally filed herein,

Now, Therefore, It is Considered, Ordered and Adjudged by the Court that the motion for rehearing be and the same is hereby denied, and the Clerk is directed to issue Mandate forthwith.