[No. 3442.   Jan. 6, 1930.]

MARTIN v. WHITE PINE LUMBER CO. et al.

[284 Pac. 115.]

A. T. Hannett, of Albuquerque, for appellant.

Henry G. Coors, of Albuquerque, for appellees.

### OPINION OF THE COURT

WATSON, J.   This appeal is from a judgment disallowing appellant's claim under the Workmen's Compensation Act (Laws 1917, c. 83, as amended) for the death of her husband following an operation for a strangulated hernia.

Compensation was denied on the ground of a failure to meet the special requirements of proof in hernia cases, as prescribed in section 17 of the act, which provision reads as follows:

"A workman, in order to be entitled to · compensation for a hernia, must clearly prove: (1) That the hernia is of recent origin, (2) that its appearance was accompanied by pain, (3) that it was immediately preceded by some accidental strain suffered in the course of the employment, and (4) that it did not exist prior to the date of the alleged injury. If a workman, after establishing his right to compensation for hernia as above provided, elects to be operated upon, a special operating fee of not to exceed seventy-five dollars shall be paid by the employer of his or its insurer. In case such workman elects not to be operated upon and the hernia becomes strangulated in the future, the results from such strangulation shall not be compensated."

Undoubtedly there is substantial evidence upon which the court might have found that the hernia, the strangulation of which was the cause of death, existed prior to the date of the alleged injury. This evidence would be fatal in a claim by the workman himself. McPhee & McGinnity Co. v. Industrial Commission of Colorado, 67 Colo. 86, 185 P. 268.

This proposition is not seriously contested by appellant. Her principal contention is that section 17 is not applicable to a case where death has resulted to the workman and the claim is made by dependents. This she says is really the only question before the court.

The Workmen's Compensation Act is remedial, and should no doubt be liberally construed. Gonzales v. Chino Copper Co., 29 N. M. 228, 222 P. 903, 904. Still, we should not adopt a construction contrary to the evident legislative intent, and to sound reason and policy.

The statute is somewhat loosely drawn. The meaning of some of its sections may be mistaken unless the whole act is consulted and understood. Considering the act as a whole, we are convinced that it was not intended that there should be compensation to dependents who were not able to make out a case which would have entitled the workman to compensation if death had not ensued. The basis of every claim, whether by the workman or by his dependent, is an injury for which public policy, as de-

clared by the statute, casts responsibility upon the employer or upon the industry. For instance, the intoxication of the workman, or his intentional suffering or self-infliction of injury (section 8), or his failure to observe safety regulations or to use safety devices (section 7), will defeat or reduce the claim of dependents as well as of the workman himself. On the other hand, the failure of the employer to provide safety devices will, we take it, increase the compensation of dependents as well as of the workman (section 1). Again, by section 18, it is provided that, if a workman in receipt of compensation shall die as a result of his injury, compensation to dependents shall follow.

These provisions illustrate the principle that the compensable character of the injury is a question preceding and independent of the other question, Who shall receive it?

Counsel seem to agree that the special provisions concerning hernia were included in the statute because of special difficulties in dealing with that ailment and because, from its nature, it offered an easy means of imposition and fraud. Considering the general policy of the statute, and the particular application of it in sections 7 and 8, it would be quite unreasonable, in our judgment, to hold that, in the single case of hernia, dependent may recover ·for an injury for which the workman himself could not have recovered.

In drafting section 17, the framers momentarily lost sight of the possible claims of dependents and failed to include them expressly in the section. This is not the only instance of such omissions to be found in this statute. Some of them are covered by section 16, where it is provided generally that, if death results "approximately" from the injury, the claim of dependents based thereon "shall be filed and answer made thereto and other procedure had as in cases filed by injured workmen." We do not consider the present question one of procedure. Nor do we say that section 16 brings the claims of dependents within the provisions of section 17. Yet it suggests that the Legislature realized that it had not in all pro-

visions of the chapter expressly included dependent's claims, and that it relied on the general provision of section 16 to cover them.

We conclude that the limited language of section 17 is an inadvertence, and does not indicate an intent to depart from the general principle above set forth.

We find no error in the judgment. It is accordingly affirmed, and the cause will be remanded. It is so ordered.

PARKER and SIMMS, JJ., concur.

BICKLEY, C. J., and CATRON, J., did not participate.