257 P.2d 909

**SANCHEZ et al. v. BERNALILLO COUNTY et al.**

No. 5529.

Supreme Court of New Mexico.

May 27, 1953.

W. T. O'Sullivan, Albuquerque, for appellants.

Simms, Modrall, Seymour & Simms, James E. Sperling, Albuquerque, for appellees.

BRAND, District Judge.

Benjamin Sanchez filed a claim for workman's compensation against the defendants-appellees, on January 20, 1951, and died two days later, leaving a widow and an infant daughter. The widow remarried before the trial of this matter and, since under the Compensation Act a widow's right to benefits ceases upon her remarriage, we are concerned only with the rights of the infant daughter.

The claim alleged:

"Such injury has caused permanent and total disability resulting from damage to claimant's skull, dura, brain, nerves and cerebral area, and involving insanity, the fact, nature and extent whereof as a compensable injury was not known by claimant until less than one (1) year ago."

A suggestion of claimant's death and motion for survival of the claim in favor of the widow and child was filed, and the defendants-appellees answered and plead, inter alia:

"Further answering said claim for compensation the defendants show to the court that from the face of the claim filed herein, it appears that the injuries complained of and alleged to have been suffered while in the course of claimant's employment, occurred almost five years prior hereto and that any claim for said injury is barred by

limitation under the provisions of the Workmen's Compensation Act of the State of New Mexico."

The testimony disclosed that in February, 1946, while working as a jailer for the Sheriff of Bernalillo County, Sanchez received several head wounds at the hands of prisoners who staged a jail break. His wounds were dressed and his head bandaged and the bandages renewed for about eight days. He lost no time from work and continued at this employment with the same wages until January, 1949, when he was discharged by the incoming sheriff. He then resumed his previous occupation of cutting lawns and worked at this, with some loss of time due to illness, until the fall of 1950, when he became quite ill. He was sent to a hospital for examination and observation, but it was then too late for him to be benefited by treatment, and his death followed shortly thereafter, and was attributed to atrophy of the brain and high blood pressure. The attending physician stated that, in his opinion, the blows he received on his head nearly five years earlier were a contributing factor to his death.

About two months after the injuries received in the jail break, Sanchez started to lose weight and make complaints, chiefly of headaches. After leaving the sheriff's employ, he was unable to work steadily and complained that he was getting weaker and weaker every day; that he had dizzy spells; that his headaches were constant and severe. He also was afflicted with spells of mental confusion, gradually increasing in intensity, and he at all times attributed his troubles to the wounds which he had received while working as a jailer. The court found that throughout the testimony it appeared that the deceased, Benjamin Sanchez, made complaints about his head, while still working in the jail, and attributed his disability to the damage done to his head. He made no complaint, however, to his employer and no compensation was ever paid, nor did the employer file a report of the injury with the Labor Commissioner.

At the close of the plaintiffs' case, the court directed a verdict for the defendants-appellees, holding that the claim was barred under the Statute of Limitation contained in the Compensation Act, and this appeal challenges the correctness of that action.

Although from the claim it is apparent that plaintiffs intended to rely upon the proposition (in order to avoid the bar of limitations) that the seriousness of the injuries was not apparent and remained latent and undiscovered, this contention was abandoned and is not urged in this appeal, no point being raised as to this in the brief.

Appellants set forth Assignments of Error reading:

"1. The court below erred in directing a verdict in favor of defend-

ants-appellees at the end of appellants' case.

"2. The court below erred in entering judgment dismissing appellants' claim, and in denying the motion for a new trial",

and three points relied upon for reversal, as follows:

### "Point One.

"NMSA, 1941, Sec. 57–928, tolled any limitations-of-actions bars available to appellees under Sec. 57–913, or,—upon another theory,—appellees' failure to comply with Sec. 57–927 estopped them, by reason of Sec. 57–928, from invoking the bar of Sec. 57–913.

### "Point Two.

"Even if the limitations-of-actions bar of the Act be available as a defense in the instant appeal, such bar is tolled in favor of the minor daughter of the deceased workman and has not extinguished her right to the statutory benefits under the Act.

### "Point Three.

"The judgment below should be reversed and the proceeding remitted with instructions to set aside the verdict and to grant Margarita Sanchez, as widow, and Mary Louise Sanchez, as minor child, a new trial, with costs to abide the event."

Point One asserts that defendants' failure to file the notice provided for by the Act with the State Labor Commissioner, prevented the period of limitation, within which a claim must be filed, from commencing to run. The pertinent sections in New Mexico Statutes Annotated, 1941 Comp., are:

"*57–927. Require reports to be filed with labor commissioner.*—It shall be the duty of every employer of labor in this state subject to the provisions of the Workmen's Compensation Act (§§ 57–901—57–931) to make a written report to the labor commissioner of all compensable accidental injuries which may occur to any of his employees during the course of their employment. Such reports shall be made within ten (10) days after such accidental injury upon forms to be furnished by the labor commissioner and shall contain such information concerning such accident or injury as may be required by the labor commissioner. (Laws 1937, ch. 92, § 14, p. 231.)

"*57–928. Effect of failure to file report.*—No claim for compensation under the Workmen's Compensation Act (§§ 57–901—57–931), as it now provides or as it may hereafter be amended, shall be barred prior to the filing of such report or within thirty (30) days thereafter, provided, how-

ever, that this section shall not be construed to shorten the time now provided for filing such claims with the district court. (Laws 1937, ch. 92, § 15, p. 231.)"

The limitations provisions of the Act are contained in the following sections:

"57–913. * * * In event such employer shall fail or refuse to pay the compensation herein provided to such workman after having received such notice, or, without such notice when no notice is required, it shall be the duty of such workman, insisting upon the payment thereof, to file a claim therefor in the manner and within the time hereinafter provided. In event he shall either fail to give such notice within the time required, or fail to file such claim within the time hereinafter required, his claim for such compensation and all right to the recovery of the same and the bringing of any legal proceeding for the recovery thereof shall be and is hereby forever barred. In case death of any workman who would himself have been entitled had such death not occurred, to recover from such employer on account of any such injuries under the terms hereof, claim may be filed therefor on behalf of his dependents as provided in section 8 (§ 57–917) hereof. In event of the failure or refusal of any employer to pay any workman entitled thereto any instalment of the compensation to which such workman may be entitled under the terms hereof, such workman shall be entitled to enforce the payment thereof by filing in the office of the clerk of the district court a claim which shall be signed and sworn to by the injured workman or some one on his behalf before any officer authorized to administer oaths, and filed not later than one (1) year after such refusal or failure of the employer so to pay the same. * * *"

Section 57–917, mentioned in the above Section, makes provision for the payment of benefits to dependents in the event injury results in the death of a workman.

Appellant, in support of this contention quotes extensively from Anderson v. Contract Trucking Company, 1944, 48 N.M. 158, 146 P.2d 873, where the court held that the limitation in the statute begins to operate, not from the date of the accident but from the time of the employer's failure to pay compensation for disability when the disability can be ascertained and the duty to pay arises, *unless the accident and injury must necessarily be treated as concurring incidents with no latent and undiscernible injury present.*

This case differs from the one before us in that in the Anderson case the workman was led to believe that his injury

was trivial and he attributed his growing eye weakness to natural causes and advancing age. Suit was filed within the statutory period after the discovery by him of the seriousness of his injury and the court held it to have been filed in time. In the instant case, it was evident that the workman appreciated the seriousness of his injuries as as early as a few months after the occurrence of the accident but he took none of the steps required of him by the statute to acquaint his employer with the fact that he had sustained a compensable injury, and the only notice given to the employer or its insurance carrier that he claimed a compensable injury was the filing of the suit for compensation. Ogletree v. Jones, 44 N.M. 567, 106 P.2d 302, is authority for the proposition that notice, where required, is a condition precedent to recovery, and is a mandatory requirement upon which the right of action rests, and that this knowledge (of the existence of a compensable injury) which the statute requires, means more than just putting upon inquiry and involves more than knowledge of the mere happening of an accident.

■ It seems, also, that this assignment of error fails because of the very language of the statute, 57–928, reading:

"* * * provided, however, that this section shall not be construed to

shorten the time now provided for filing such claims with the district court."

Surely, from this language, a workman failing to file his claim in court within the statutory period after learning of the extent and seriousness of his disability, cannot avoid the bar of limitations by asserting that the employer failed to file with the Labor Commissioner a report concerning a *compensable injury* where, as here, the employer had no reason to believe that a *compensable injury had occurred.*

■ Appellant also seeks under this point to assert that defendants pleaded as a bar that more than one year had elapsed since the date of injury and accident; whereas, the defense should have been that more than one year had elapsed since the date of failure or refusal to pay compensation; that this was an affirmative defense and that the mere pleading of it did not serve to prove it, and that before it could avail them they must have succeeded in establishing such defense as a part of their own case. This argument is not consequent to the point and, furthermore, as this Court stated in Maestas v. American Metal Co., 37 N.M. 203, 20 P.2d 924, 926:

"* * * But where the filing of the claim for compensation in the office of the clerk of the district court, not later than 6 months after failure or refusal of the employer to pay the same,

is limitation on the right of action, which is wholly statutory, and not a mere limitation upon the remedy, and is absolute and unconditional. (Taylor v. American Employers' Ins. Co. of Boston, Mass., 35 N.M. 544, 3 P.2d 76), the burden is upon the claimant to prove compliance therewith."

We therefore regard this point as unavailing and without merit.

■ In Point Two we are asked to grant relief to the minor daughter of the deceased workman, even though it be assumed that his cause of action for compensation had been barred by limitations at the time it was filed. It will be remembered that the workman, Sanchez, sustained compensable injuries in 1946 from which he (it may be conceded) died in 1951, and that although he during these years continually complained about his declining health and increasing disability, with all of which he ever blamed the damage to his head sustained while working in the jail, he did nothing to claim or assert his right to compensation until two days before his death. Indeed, he behaved in the matter as if he were unaware that there was a Workmen's Compensation Act in force, under the provisions of which he might have been entitled to relief. Consequently, as we have found, whatever rights he may have had because of his injuries and disability had long been extinguished by his inexcusable failure to file his claim within one year (indeed within four years) after the defendants had failed to pay compensation. Can it be that under such circumstances his dependents are nevertheless entitled to the benefits provided in the Act?

Appellants, in support of their position, call our attention to the language in Sec. 57–918(a) (2), New Mexico Statutes Annotated, 1941 Comp., reading:

"If there be dependents entitled thereto, such compensation shall be paid to such dependents or to the person appointed by the court to receive the same for the benefit of such dependents in such portions and in such amounts as the court, *bearing in mind the necessities of the case and the best interests of such dependents and of the public* may determine, to be computed on the following basis, and distributed to the following persons:

"1. To the child or children, *if there be no widow or widower entitled to compensation,* twenty-five (25) per centum of earnings of deceased, * * *." (Emphasis ours.)

This section, however, should be read in connection with the preceding Section, 57–917, being as follows:

"57–917. *Death of workman—Payment or claim for dependents—Limitation of actions.*—In event any injury

from accident arising out of and in the course of the employment of a workman should result in and be the proximate cause of his death and he should leave surviving him any dependents, as herein defined, entitled to compensation under the terms hereof, payment thereof may be received or claim therefor filed by such person as the court may authorize or permit, on behalf of the beneficiaries entitled thereto, and such claim shall be filed and answer made thereto and other procedure had as in cases filed by the injured workman. * * *"

Appellants would persuade us that the wording of the italicized portions of 57–918 shown above, implies that the rights of minor dependents are to be determined upon a broader basis than those of adults, and that our consideration should take into account principles of equity, infancy and public welfare, in dealing with rights asserted by a minor dependent; that the court in such cases "is not to be restricted to the bare skeleton of the Act itself" but should proceed to weigh the equities, the element of protection of infant dependents and the promotion of the public welfare, and apply the paternal rules of chancery and the common weal.

No New Mexico decisions are cited in support of this contention but we are asked to consider two California cases on the point, Glavich v. Industrial Accident Commission, 44 Cal.App.2d 577, 112 P.2d 774, and Bianco v. Industrial Accident Commission, 24 Cal.2d 584, 150 P.2d 806. The Glavich case [44 Cal.App.2d 517, 112 P.2d 779] held that under the California Act dependent minors did not lose their right to recover death benefit and funeral expenses, under the Workmen's Compensation Act, incident to their father's demise, merely because the father failed to ask for or secure compensation for his disability during his lifetime by filing a claim therefor within six months from the time he had actual knowledge of the disease with which he was afflicted, since the Statute of Limitations *tolled as to minor dependents until a guardian is appointed to represent them,* the statute in question reading as follows:

" 'If an injured employee or, in the case of his death, any of his dependents, is under twenty-one years of age or incompetent at any time when any right or privilege accrues to such employee or dependent under this division, a general guardian, appointed by the court, or a guardian ad litem or trustee appointed by the commission or a commissioner may, on behalf of the employee or dependent, claim and exercise any right or privilege with the same force and effect as if no disability existed.

" 'No limitation of time provided by this division shall run against any person under twenty-one years of age or any incompetent unless and until a guardian or trustee is appointed.' " Labor Code, § 5408.

There is no such provision in our Act which saves the rights of dependents under disability from the running of limitations, although, as appears in 57–918, supra, when dependents are shown to be entitled to benefits, the court has authority to appoint a person to receive the same for such dependents in such portions and amounts as it may determine to be for the best interests of them and of the public. The time within which such benefits must be claimed, however, is nowhere enlarged in favor of claimants under disability.

The Bianco case cites another portion of the California Act from which it will be seen that its limitation provisions are different from those in our Act in many particulars. Suffice it to say that there is not sufficient similarity in the two Acts to justify any attempt to harmonize the California decisions with those of our court. Indeed, in the Bianco case [24 Cal.2d 584, 150 P.2d 807] the court in construing a portion of their Act reading:

" 'The periods within (which) *may be* commenced proceedings for the collection of the death benefit *. * *

are as follows:' " Labor Code Cal. § 5406.

held that the provision was permissive, and indicated legislative intent that applicant is to have the longer period rather than being restricted to the shorter one. This is at entire variance with our statute as to limitations and our courts' treatment of these questions.

Our Court has moreover passed upon this question in Martin v. White Pine Lumber Company, 34 N.M. 483, 284 P. 115, 116. Claim was filed by a widow for benefits under the Act because of the death of her husband following an operation for hernia, and compensation was denied because of failure to meet the special requirements of proof in hernia cases. Answering the contention that the widow was nevertheless entitled to benefits, the Court stated:

"(3). The statute is somewhat loosely drawn. The meaning of some of its sections may be mistaken unless the whole act is consulted and understood. Considering the act as a whole, we are convinced that it was not intended that there should be compensation to dependents who were not able to make out a case which would have entitled the workman to compensation if death had not ensued. The basis of every ·

claim, whether by the workman or by his dependent, is an injury for which public policy, as declared by the statute, casts responsibility upon the employer or upon the industry. For instance, the intoxication of the workman, or his intentional suffering or self-infliction of injury (section 8), or his failure to observe safety regulations or to use safety devices (section 7), will defeat or reduce the claim of dependents as well as of the workman himself. On the other hand, the failure of the employer to provide safety devices will, we take it, increase the compensation of dependents as well as of the workman (section 7). Again, by section 18, it is provided that, if a workman in receipt of compensation shall die as a result of his injury, compensation to dependents shall follow.

"These provisions illustrate the principle that the compensable character of the injury is a question preceding and independent of the other question, Who shall receive it?"

Finally, in the reply brief, appellants cite Elsea v. Broome Furniture Co., 47 N.M. 356, 143 P.2d 572; Ritter v. Albuquerque Gas & Electric Co., 47 N.M. 329, 142 P.2d 919, 153 A.L.R. 273; Anderson v. Contract Trucking Co., 48 N.M. 158, 146 P.2d 873; and Gonzales v. Sharp & Fellows Contracting Co., 51 N.M. 121, 179 P.2d 762, to have us consider how far our Court has progressed from the views expressed in the earlier compensation cases, toward a more liberal attitude, designed to result in benefits to the workmen rather than in detriment to beneficiaries. It is argued that this "new liberality" seen in recent decisions should impel us here to read into the statute an exception in favor of the minor dependent, so as to extend to her benefits which have heretofore been denied by a strict construction of the Act, or it is intimated, we will be chargeable with reactionary tendencies and uncompromising conservatism evidencing no appreciation of the modern trend of thought, and be in the position of nullifying the recent advances in this field of jurisprudence. Our cases which announce that the strict language of the statute is to be observed and that equitable consideration cannot control, should be either differentiated or repudiated.

As has been said many times, it is not the province of the court, but of the legislature, to make changes in the provisions of statute law. Where the law-making body has specified clearly who shall be entitled to compensation benefits and under what circumstances, the court should not alter the conditions required to obtain such benefits.

In Point Three, it is stated only—"that the judgment below should be reversed"—no new or other reason being advanced therefor. It consequently does not require consideration.

For the first time, in the reply brief, we are asked to consider Sec. 57–919 of the Act, which gives the workman a cause of action against his employer, if the employer fail to furnish him adequate surgical and medical attention and such failure results in injuries to him, due to the neglect, or lack of skill, on the part of the person employed to care for him. This assumes that the injuries here became more severe and in the end fatal, because the employer had the workman treated by an incompetent physician, whose failure to render adequate aid resulted in the disability or in its increase. This proposition was not raised below or pointed out in the brief in chief, and we therefore will not consider it here.

We conclude that the judgment is correct and should be affirmed.

It is so ordered.

McGHEE, COMPTON, COORS and LUJAN, JJ., concur.

SADLER, C. J., not participating.