334 P.2d 1116

**W. N. COPELAND, Appellant,**

v.

**Byron BLACK and Equitable Fire & Marine Insurance Company, Appellees.**

No. 6460.

Supreme Court of New Mexico.

Jan. 30, 1959.

Hartley, Buzzard & Patton, Clovis, for appellant.

Gore & Nieves, Clovis, for appellees.

LUJAN, Chief Justice.

This is an appeal from the District Court of Curry County dismissing claimant's action, and holding that it was barred by the statute of limitations. No doubt the learned trial judge felt compelled by the legislative directive of Section 59-10-13 of 1953 Compilation to dismiss said cause of action because the claimant failed to prove that the employer, his supervisor or foreman had actual knowledge of the alleged accident and resulting injury; and, further, that claimant failed to give his employer written notice as provided by the above section, which reads as follows:

"* * * Any workman claiming to be entitled * * * to compensation * * * shall give notice in writing of such accident and of such injury to such employer within thirty (30) days after the occurrence thereof, * * *. Provided, that no such written notice shall be requisite where the employer or any superintendent or foreman or other agent in charge of the work in connection with such injury occurred had actual knowledge of the occurrence thereof. * * * In event he shall either fail to give such notice within the time required, * * * his claim for such compensation and all right to the recovery of the same * * * shall be and is hereby forever barred."

There is but one material question argued by counsel, viz.: whether the trial court erred in dismissing the claimant's action for the reasons hereinabove stated.

We are not unmindful that our Workmen's Compensation Act is to be liberally construed in favor of claimant. See Gonzales v. Chino Copper Co., 29 N.M. 228, 222 P. 903; Stevenson v. Lee Moor Contracting Co., 45 N.M. 354, 115 P.2d 342; Lipe v. Bradbury, 49 N.M. 4, 154 P.2d 1000. But liberal construction does not mean total disregard for the statute, or repeal of it under the guise of construction. See Martin v. White Pine Lumber Co., 34 N.M. 483, 284 P. 115.

That the notice must be in writing is for certainty; that it is to be given within thirty days after the occurrence of the accident and injury is to enable the employer to examine into the facts while they are accessible and also to employ skilled physicians or surgeons to care for the employee so as to speed his recovery and protect himself against simulated or exaggerated claims. See Ogletree v. Jones, 44 N. M. 567, 106 P.2d 302.

According to testimony of the claimant, while lifting a steel beam to place it across

two wooden horses for the purpose of bolting to it two by four inch wooden planks, on February 2, 1957, he felt a sharp pain in his left abdomen just above the left hip. This, he stated, happened about 9:00 o'clock in the forenoon, but made no statement to the foreman concerning it, and continued working for three hours thereafter when the work terminated for that day (Saturday). On Monday, February 4, 1957, he told his foreman that he had had a stomach ache the night before but nothing was said about an accident. He continued working until March 28, 1957, when he was laid off because the job was completed.

A careful review of the record fails to disclose any testimony tending to show that within thirty days next following the alleged accident or injury written notice was given to his employer thereof; or that the employer, his superintendent, foreman or agent had actual notice of the occurrence.

Obviously, claimant cannot recover if written notice was not given his employer within thirty days of such accident and injury, unless the employer, his superintendent, foreman or agent had actual knowledge of the accident and resulting injury. There is no showing that the employer had such notice or that he or his superintendent, foreman or agent had actual knowledge of the accident and injury. In his conversation on February 4th with Mr. Parker, claimant only stated that he had had a stomach ache the night before. He said nothing about an accident or how he happened to get the stomach ache.

We are of opinion and so hold that the information which the claimant gave his employer on July 8, 1957, some five months after the alleged accident and injury, to enable said employer to prepare a report for the insurance department of the state corporation commission pursuant to Section 59–10–26 of the 1953 Compilation, was not such a notice as is contemplated by Section 59–10–13, supra.

It follows from what has been said that the judgment of the trial court is correct and should be affirmed.

It is so ordered.

SADLER, McGHEE, COMPTON and CARMODY, JJ., concur.