339 P.2d 473

Frank YARDMAN, Sr., Plaintiff-Appellant,

v.

W. M. COOPER, Employer, and U. S. Fidelity & Guaranty Company, Insurer, Defendants-Appellees.

No. 6516.

Supreme Court of New Mexico.

May 12, 1959.

Kellahin & Fox, Sante Fe, for appellant.

Seth, Montgomery, Federici & Andrews, Santa Fe, for appellees.

GALLEGOS, District Judge.

The plaintiff, appellant in this court, filed a claim on September 24, 1957, under the Workmen's Compensation Act in the District Court of Santa Fe County against defendants, appellees herein, being the plaintiff's employer and the employer's insurer under the Act.

The plaintiff claimed compensation for permanent and total disability by reason of a back injury and plaintiff also sought medical expenses and attorney's fees.

The plaintiff was employed by the defendant employer, W. M. Cooper, as general foreman in the construction of a Super Market building in Sante Fe, his duties were that of a supervisor over a small finishing crew of men, he also worked with his tools.

In November, 1955, while in the course of his employment, the plaintiff, while

hanging a heavy fire door, suffered an injury to his back resulting in immediate pain and discomfort to plaintiff, causing him to sit down for a few minutes. On the day of the injury and during the noon hour plaintiff could not eat his lunch and told the other employees that he had hurt his back; for a period of about six weeks thereafter the pain continued during which time the plaintiff discussed the fact that he had a back pain with some of his neighbors and applied liniments, heat treatment and home remedies to his back. The plaintiff continued in his employment and was not experiencing pain after six weeks from the time of the injury except that he tired easier by the end of the day but he does not know if this condition was because of the injury or his advancing years. At the time of the trial the plaintiff was 59 years of age.

From November, 1955, to May, 1957, plaintiff continued to work for the defendant employer and in the latter month and year plaintiff consulted a doctor because of a pain in his leg and hip, and in June, 1957, a myelogram test was made on plaintiff, and in the same month an operation, a partial laminectomy and spinal fusion, were performed on the basis that plaintiff's condition required such operation because of the injury received in November, 1955; following the operation plaintiff has been disabled from performing the duties of a general foreman in construction work.

The myelogram test was made June 4, 1957, and the operation followed on June 10, of the same year, between these dates the employer Cooper visited the plaintiff at his home and the plaintiff testified in direct examination, "And then is when I told him work had finally caught up with me, I was in bad shape, I had hurt my back." On cross-examination, the plaintiff testified that what he told the employer at the time mentioned was as follows: "Yes, sir, I told him then—my words were 'it finally got me, work finally got me.'"

At about the time of the operation an adjuster for the defendant insurer contacted the plaintiff and after some conversation told the plaintiff that he could receive no compensation because the claim was barred, expressing sympathy.

In their answer to the plaintiff's claim, the defendants state that plaintiff is not entitled to compensation because he failed to give written notice of the injury or accident to the employer and that neither the employer or any other person as provided in the Act had knowledge of the plaintiff's injury. To this contention the plaintiff states that there was a waiver of notice and that the injury was latent.

The plaintiff-appellant concedes that no written notice of the injury was given the employer until the filing of the claim in September, 1957. And no evidence is found in any part of the record that the

employer, superintendent, foreman, or other agent in charge of the work had actual knowledge of the occurrence of the injury. The trial court made findings of fact among which are:

"3. That claimant knew when the accident occurred on or about November 2, 1955, that he had suffered an injury to his back, although he did not know the extent of such injury at that time.

"9. That the plaintiff never at any time until the filing of the complaint herein on the 24th day of September, 1957, notified his employer in writing of the accident which he had suffered on or about November 2, 1955, and his employer did not have any knowledge of plaintiff's claim until on or about the time of the laminectomy."

The court also made two conclusions of law:

"1. That this action is barred by reason of claimant's failure to give notice in writing of the occurrence of the alleged accident and of such injury within the time prescribed by law after the discovery of the latent character of the injury.

"2. That the claim herein should be dismissed."

The pertinent part to this case in the Workmen's Compensation Act, Section 59–10–13, New Mexico Statutes, 1953 Compilation, provides:

"Any workman claiming to be entitled * * * to compensation * * shall give notice in writing of such accident and of such injury to such employer within thirty (30) days after the occurrence thereof, unless prevented by such injury or other causes beyond his control, and, if so prevented, as soon as the same may be reasonably done, and at all events not later than sixty (60) days after such accident; Provided, that no such written notice shall be requisite where the employer or any superintendent or foreman or other agent * * * had actual knowledge of the occurrence thereof * * * In the event he shall either fail to give such notice within the time required * * * his claim for such compensation and all right to the recovery of the same * * * shall be and is hereby forever barred * * *"

There is no evidence in this case, in fact there is no claim made by the plaintiff that he was prevented from giving notice because of the injuries and it is also clear that no person authorized to have actual knowledge under the Act of the injuries had such knowledge of plaintiff's injuries.

We are aware and fully agree that the Workmen's Compensation Act is to be

454

liberally construed in favor of the claimant and this court has repeatedly held this construction applicable to Workmen's Compensation cases and does not now deviate from these holdings. This principle of law is well established. Gonzales v. Chino Copper Co., 29 N.M. 228, 222 P. 903; Stevenson v. Lee Moor Contracting Co., 45 N.M. 354, 115 P.2d 342; Lipe v. Bradbury, 49 N.M. 4, 154 P.2d 1000.

It does not matter how liberal a construction in favor of the claimant we may want to place to the Act, we are not authorized to disregard the plain language and wording of the Statute as enacted by the Legislature. Liberal construction does not mean total disregard for the Statute. Martin v. White Pine Lumber Co., 34 N.M. 483, 284 P. 115.

In the case before us the claimant knew he had suffered an injury although he did not know the extent of the injury. The claimant suffered pain for some six weeks and applied liniments, heat treatment and home remedies. The evidence shows that the plaintiff received an injury of sufficient gravity to cause any reasonable person to give notice thereof to his employer. We doubt that any person when injured actually knows the extent of his injuries, and even after thorough examinations by competent physicians, orthopedists or other men trained in the science of human ailments very often differ as to what extent a person has been injured. The evidence is clear that claimant received a compensable injury of which he did not give notice to the employer.

A somewhat similar situation existed in the case of Gonzales v. Coe, 59 N.M. 1, 277 P.2d 548, 549. In that case the ditch in which claimant was working in 1950 caved in covering him to the waist and he was hit by a piece of asphalt on his shoulder. In 1953 a claim for compensation was filed. This court had this to say in the Gonzales case:

"The facts are undisputed and viewing the evidence in its most favorable aspect, we conclude that the claim is barred as the accident and injury were concurring incidents. Immediately following the accident claimant noticed a swelling on his right shoulder where he had been hit by the piece of asphalt which he described as a boil. The accident occurred just before noon and the claimant took the remainder of the day off. He returned to work the following morning and has worked regularly since, though not for the same employer. He frankly admits that the injury caused him pain at the time he was hit by the asphalt and that it has continuously caused pain and discomfort in his work at all times since. Consequently, he was charged with notice of his disability at the time of the accident. It was not until Oc-

tober, 1953, at a time when claimant took his wife to a doctor for treatment, that he discussed his injury with anyone, except on one occasion with his employer some two years after the accident. The doctor suggested to claimant that the injury 'might turn to cancer.' He then became alarmed and shortly thereafter filed the claim. It is obvious that he knew on the day of the accident and at all times since that he had some kind of injury resulting therefrom. The mere fact that he did not know the full extent of his injury from a medical standpoint did not excuse him from filing his claim. Kobilkin v. Pillsbury, 9 Cir., 103 F.2d 667; Sanderson & Porter v. Crow, 214 Ark. 416, 216 S.W.2d 796; Consolidation Coal Co. v. Dugan, 198 Md. 331, 83 A.2d 863; Kurtz v. Sunderland Bros. Co., 124 Neb. 776, 248 N.W. 84; Stephenson v. McCook Bros., etc., La. App., 27 So.2d 644."

And in Ogletree v. Jones, 44 N.M. 567, 106 P.2d 302, 304, the court said, with reference to notice:

"We have held that the statute requiring the filing of the claim for compensation within the period fixed, is jurisdictional, a limitation on the right of action, Caton v. Gilliland Oil Co. of New Mexico, 33 N.M. 227, 264 P. 946; Taylor v. American Employers' Ins. Co., 35 N.M. 544, 3 P.2d 76; and, also that notice, where required, is likewise a condition precedent to recovery, Maestas v. American Metal Co., 37 N.M. 203, 20 P.2d 924, 927.

"It is obvious that the provision therefor found in our statute is a mandatory requirement upon which the right of action rests, and not a mere formality to be lightly put aside. There is much reason behind this requirement that the employer have actual knowledge or that he be given written notice of the accident and injury. He has the right to examine into the facts and circumstances surrounding the alleged accident and question witnesses while memories are unfaded and minds unsoiled with partisanship.

"It is also for the protection of the employer, 'in order that (he) may consider the claim and either pay it or refuse it.' Maestas case, supra. And, to prevent filing of fictitious claims when lapse of time makes proof of genuineness difficult. Wheeler v. Missouri Pac. Ry. Co., 328 Mo. 888, 42 S.W.2d 579.

"Our statute requires actual knowledge on the part of the employer, 'or any superintendent or foreman or other agent in charge of the work in connection with (which) such injury occurred,' before written notice is to

be dispensed with. Notice in casual conversation is insufficient. Herbert v. [Lake Shore & M. S.] Ry. Co., 200 Mich. 566, 166 N.W. 923. It is not enough for one to say he is injured and even show the injured limb without some showing that notice was given or that the employer had actual knowledge of what caused it. Norman Steam Laundry v. State Industrial Comm., 160 Okl. 107, 16 P.2d 92."

Very recently this court decided the case of Copeland v. Black, 65 N.M. 214, 334 P.2d 1116, 1118, wherein, according to the testimony of the claimant, while lifting a beam to place across wooden horses for the purpose of bolting some wooden planks on February 2, 1957, he felt a sharp pain in his left abdomen, on February 4 he told his foreman that he had a stomach ache the night before but nothing was said about the accident and on July 8, 1957, some five months after the alleged injury, the claimant gave information to his employer to enable the employer to prepare a report for the Insurance Department of the State Corporation Commission as provided by the Statute, Section 59–10–26, of the 1953 Compilation, the court held that such information was not sufficient a notice as contemplated by Section 59–10–13 of the 1953 Compilation, which is found in the Workmen's Compensation Act and with reference to the giving of notice the court said:

"That the notice must be in writing is for certainty; that it is to be given within thirty days after the occurrence of the accident and injury is to enable the employer to examine into the facts while they are accessible and also to employ skilled physicians and surgeons to care for the employee so as to speed his recovery and protect himself against simulated or exaggerated claims * * *

"A careful review of the record failed to disclose any testimony tending to show that within thirty days following the alleged accident or injury written notice was given to his employer thereof; or that the employer, his superintendent, foreman or agent had actual knowledge of the occurrence."

And the court further said:

"Obviously, claimant cannot recover if written notice was not given to his employer within thirty days of such accident and injury, unless the employer, his superintendent, foreman or agent had actual knowledge of the accident and resulting injury. * * In his conversation on February 4th with Mr. Parker, claimant only stated that he had had a stomach ache the night before. He said nothing about an accident or how he happened to get the stomach ache."

In the case now before us the claimant knew in November, 1955, that he was injured, suffered pain on account of the injury for six weeks and at no time did he give written notice of the injury or ever mention the particulars of the injury or where or how or when it happened, even verbally, to his employer, except what he told the employer in June of 1957, which was in substance that work had caught up with him, or that work had finally got him, that he had hurt his back, but he did not say how work had caught up with him, how or when he was hurt or any particulars with reference thereto, and this verbal conversation was some 19 months after the injury of November, 1955.

After carefully reading the entire record we fail to find any facts to which the theory or reasoning in the cases of waiver of notice or latent injury can be applied in this case. The findings of fact made by the trial court are supported by sufficient and substantial evidence and we hold that the trial court properly decided the case and was correct in dismissing the complaint, and the judgment of the district court is affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

SADLER, J., not participating.

CARMODY, J., having tried the cause below, not participating.