348 P.2d 487

Navor SELGADO, a minor, by his next friend, Delfina Selgado, Claimant, Plaintiff-Appellant,

v.

NEW MEXICO STATE HIGHWAY DE-PARTMENT, Employer, and Mountain States Mutual Casualty Company, Insurer, Defendants-Appellees.

No. 6603.

Supreme Court of New Mexico.

Jan. 14, 1960.

O. R. Adams, Jr., Albuquerque, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Allen C. Dewey, Jr., Albuquerque, for appellees.

CARMODY, Justice.

This is an appeal from the dismissal of a workmen's compensation claim as being barred by the statute of limitations.

The single question involved is whether the statute of limitations pertaining to the New Mexico Workmen's Compensation Act is applicable to a minor dependent of a deceased workman.

Martin Zamora was employed by the New Mexico Highway Department and allegedly died as a result of an accident on October 17, 1956. This action was filed on January 22, 1959, on behalf of Navor Selgado, a minor, based upon the allegation that he was a recognized son of Martin Zamora. The minor involved in this par-

ticular action was approximately six months old at the time of the death of the workman and some months less than three years of age at the time of the filing of the claim for compensation.

The defendant's answer contained, among others, the defense that the claim was barred by the statute of limitations, this having reference to § 59–10–17, N.M. S.A., 1953 Comp., which relates to the payment of claims for dependents in the event of the death of a workman. The last sentence of the above noted section of the statute reads as follows:

> "Provided, that no claim shall be filed or suit brought to recover such compensation unless claim therefor be filed within one (1) year after the date of such death."

The New Mexico Workmen's Compensation Act contains no exception tolling the limitation by reason of minority or incompetency. This court, on numerous occasions, has held that the limitation for the filing of a workmen's compensation claim is jurisdictional and that failure to file the same within the statutory period requires a dismissal of the action. Ogletree v. Jones, 1940, 44 N.M. 567, 106 P.2d 302; Sanchez v. Bernalillo County, 1953, 57 N.M. 217, 257 P.2d 909; Copeland v. Black, 1959, 65 N.M. 214, 334 P.2d 1116; and Yardman v. Cooper, 1959, 65 N.M. 450, 339 P.2d 473.

Therefore, unless there is a different rule to be applied in the case of a minor than in that of a workman or his beneficiaries who were not under disability, the cases above mentioned should be controlling.

The only case in New Mexico which has been pointed out to us which has any direct bearing upon the question is Sanchez v. Bernalillo County, supra [57 N.M. 217, 257 P.2d 914]. This case is not directly in point, however, inasmuch as, there, the workman himself filed the claim which was barred by the statute of limitations. He died two days after the filing thereof, and the case was revived in the name of an infant daughter. This court ruled that the statute of limitations had run as to the workman himself. With respect to the contention that the infant daughter was entitled to the benefits by reason of her minority, this court discussed and distinguished certain California cases, where there is a statute which tolls the running of the statute of limitations. Following a quotation from the California statute, we said:

> "There is no such provision in our Act which saves the rights of dependents under disability from the running of limitations, although, as appears in 57–918, supra, when dependents are shown to be entitled to benefits, the court has authority to appoint a person to receive the same for such de-

pendents in such portions and amounts as it may determine to be for the best interests of them and of the public. *The time within which such benefits must be claimed, however, is nowhere enlarged in favor of claimants under disability."* (Emphasis ours.)

The above statement is in accord with the weight of authority. See 142 A.L.R. 1035, at page 1043, wherein it is said:

"In the absence of express exceptions to · the limitation provisions of the workmen's compensation act, minor dependents or beneficiaries are generally held not excused from failure to comply therewith."

Appellant cites several cases from other jurisdictions, seeking to sustain his contention that the statute of limitations should be tolled. However, the cases cited are not workmen's compensation cases and are generally claims for personal injuries against municipalities, and therefore have no persuasive effect.

Appellant also contends that we should give a liberal interpretation to our statute in order to grant relief in a case such as this. However, this argument should be directed to the legislature and not to the court, as was so well stated in Sanchez v. Bernalillo County, supra:

"As has been said many times, it is not the province of the court, but

of the legislature, to make changes in the provisions of statute law. Where the law-making body has specified clearly who shall be entitled to compensation benefits and under what circumstances, the court should not alter the conditions required to obtain such benefits."

And in Yardman v. Cooper, supra [65 N.M. 450, 339 P.2d 475], we said:

"It does not matter how liberal a construction in favor of the claimant we may want to place to the Act, we are not authorized to disregard the plain language and wording of the Statute as enacted by the Legislature. Liberal construction does not mean total disregard for the Statute. Martin v. White Pine Lumber Co., 34 N.M. 483, 284 P. 115."

The New Mexico legislature has been in regular session on three occasions since Sanchez v. Bernalillo County, supra, was decided, and has not seen fit to amend the statute, no doubt for good and cogent reasons.

We conclude that the judgment is correct and should be affirmed. It is so ordered.

McGHEE, C. J., and COMPTON and MOISE, JJ., concur.

CHAVEZ, J., not participating.