357 P.2d 50

Pauline GALLEGOS, for and in behalf of all the statutory beneficiaries of Medardo Gallegos, Claimant-Appellant,

v.

GEORGE A. RUTHERFORD, INC., Employer, and Royal-Liverpool Insurance Group, Insurer, Defendants-Appellees.

No. 6718.

Supreme Court of New Mexico.

Nov. 21, 1960.

460

Bingham & Klecan, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Albuquerque, for appellees.

COMPTON, Chief Justice.

The claimant seeks a reversal of the order of the lower court in dismissing her complaint for workmen's compensation benefits. The pertinent provisions of the applicable statute, § 59–10–13, 1953 Comp., read:

"* * * Any workman claiming to be entitled under this act * * * shall give notice in writing of such accident and of such injury to such employer within thirty (30) days after

the occurrence thereof, * * * and at all events not later than sixty (60) days after such accident; * * *. In event such employer shall fail or refuse to pay the compensation herein provided to such workman after having received such notice, or, without such notice when no notice is required, it shall be the duty of such workman, insisting upon the payment thereof, to file a claim therefor in the manner and within the time hereinafter provided. In event he shall either fail to give such notice within the time required, or fail to file such claim within the time hereinafter required, his claim for such compensation and all right to the recovery of the same and the bringing of any legal proceeding for the recovery thereof shall be and is hereby forever barred. In case death of any workman who would himself have been entitled had such death not occurred, to recover from such employer on account of any such injuries under the terms hereof, claim may be filed therefor on behalf of his dependents as provided in section 8 * * * hereof * * * Any proper amendment may be allowed by such court to either such claim or answer thereto previous to or upon any hearing upon such terms as may be fixed by the court * * *."

On the 15th day of January 1959, the claimant, for herself and on behalf of her children, filed a claim for compensation benefits for an accidental injury sustained by her husband on October 3, 1955, and which injury allegedly resulted in his death on January 10, 1959. The complaint also asserted that failure to file the claim earlier was excused "by virtue of the New Mexico Workmen's Compensation Act."

Among the defenses pleaded, the statute of limitations was interposed as an affirmative defense. At a pretrial conference, appellees were permitted to amend their answer to assert the failure to give notice of a latent injury as a bar to the claim.

The cause was to be tried to a jury. When claimant had rested her case, appellees moved for a dismissal of the claim, or a directed verdict on various grounds, particularly on the ground that the claim was barred by the statute of limitations since no notice of a latent injury had been given. The motion to dismiss was sustained, and the claimant has appealed.

The evidence discloses that on October 3, 1955, the workman, while lifting cinder blocks, was stricken with pain in his right side. Three days later he was examined by Dr. Plank, the employer's doctor, but he did not at that time attribute the pain to the work being performed by him. Initially, Dr. Plank diagnosed the workman's ailment as right pyelitis, however, x-rays disclosed that he suffered from a right

ureteral pelvic junction obstruction or stricture. Thereupon, Dr. Plank confirmed the x-ray diagnosis and suggested surgery. Incidentally, the stricture or obstruction was relieved by surgery, and the workman was discharged from the hospital in December 1955.

Dr. Plank's report was sent to the insurance carrier November 7, 1955. Its agent contacted the workman November 14, 1955, and, being in doubt as to the nature of the injury, made an appointment with Dr. Plank to have him reexamined. At the time, however, the agent issued the workman a one week compensation check with the understanding that compensation would continue pending a determination of his ailment. Based on the information received from Dr. Plank, the insurer denied the workman's claim for compensation on November 17, 1955, on the ground that his injury was not compensable.

The workman took no further action concerning his claim, nor did he return to work with his former employer; nevertheless, from January 1956 to October 1958, except for a short period, he was employed. Meanwhile, in April 1958, while apparently suffering from headaches and swelling of the ankles, he again of his own accord consulted Dr. Plank. Dr. Plank referred him to Dr. Dillingham. His condition then was diagnosed by Dr. Dillingham as chronic glomerulonephritis, for which he was hospitalized and treated from April 12, 1958 to April 23, 1958. He was again hospitalized from November 24, 1958 to November 29, 1958 suffering from influenza and nephritis. He died January 10, 1959.

■■■ Appellant proceeds on the theory of a latent injury and, without deciding the question, a latent injury may be assumed. The decisive question is whether notice of the claimed latent injury was required. Admittedly, no notice of a latent injury was ever given by the workman or the claimant. The first notice that the employer had was the filing of the claim in January 1959.

We conclude that notice of the latent injury was required and, due to the workman's failure to timely give notice after the latent character of the injury became obvious in March 1958, the statute is a complete bar. Montell v. Orndorff, 67 N.M. 156, 353 P.2d 680; Yardman v. Cooper, 65 N.M. 450, 339 P.2d 473; Copeland v. Block, 65 N.M. 214, 334 P.2d 1116; Spieker v. Skelly Oil Co., 58 N.M. 674, 274 P.2d 625; Swallows v. City of Albuquerque, 59 N.M. 328, 284 P.2d 216. It follows, where the workman's right of recovery is barred, the rights of his dependents are barred. It is certain they have no better rights than the workman, had he survived. Sanchez v. Bernalillo County, 57 N.M. 217, 257 P.2d 909; Martin v. White Pine Lumber Co., 34 N.M. 483, 284 P. 115.

But appellant asserts that the notice given by the workman in 1955 suffices, and that notice of the latent injury was not required. We disagree; there had been a flat denial of compensation in 1955. Swallows v. City of Albuquerque, supra; Montell v. Orndorff, supra.

We previously mentioned a compensation payment covering a period of one week. Ordinarily the payment of compensation waives the requirement of filing a claim or a notice but this rule has no application where payment is conditioned and the claim later denied. Clearly, the payment was not a recognition of liability for a latent injury.

It is argued that the court erred in permitting appellees to amend their answer to assert lack of notice as a defense to the claimed latent injury. Whether appellees were entitled to amend was a matter addressed to the sound judicial discretion of the trial court, and we find nothing in the record to indicate the court abused its discretion in granting the amendment. Appellant's claim did not assert a latent injury and it was not until the pre-trial conference that appellees learned that a latent injury would be an issue. The statute itself allows amendments even after a hearing has commenced. We find the argument without merit.

The judgment should be affirmed, and it is so ordered.

CHAVEZ and NOBLE, JJ., concur.

CARMODY and MOISE, JJ., not participating.