379 P.2d 781

Nazario CORDOVA, Claimant, Plaintiff-
Appellee and Cross-Appellant,

v.

CITY OF ALBUQUERQUE, a Municipal Cor-
poration, Employer and Insurer, Defend-
ant-Appellant and Cross-Appellee.

No. 6946.

Supreme Court of New Mexico.

Nov. 1, 1962.

Rehearing Denied March 22, 1963.

Frank L. Horan, Stanley P. Zuris, James L. Parmelee, Jr., Charles N. Glass, Albuquerque, for appellant.

R. F. Deacon Arledge, Lorenzo A. Chavez, Melvin Robins, Albuquerque, for appellee.

C. C. McCULLOH, District Judge.

This is an appeal by defendant-employer from a judgment finding claimant 35% disabled and entitled to compensation on this basis for a period not to exceed 500 weeks.

The question presented under the facts is whether the claim was filed within one year from the date the employer failed or refused to pay compensation.

The facts found by the court show that the plaintiff was employed by the defendant as a common laborer doing heavy manual labor for a period of more than ten years, continuing until the 2nd day of January, 1960. Thereafter he was given terminal pay and sick leave pay until April 2, 1960. He sustained a compensable injury while acting within the scope of his employment on the 8th day of July, 1959. He was immediately treated and x-rays were taken by an orthopedic surgeon. Such treatment continued two weeks until he returned to work on July 27, 1959.

The plaintiff was paid his full salary during the two weeks he did not work. He continued to work for defendant from July 27 through December, 1959, although he complained of pain in his back to his associates and foreman, during the period.

On January 2, 1960, he was discharged for the reason that he was physically unfit to do heavy manual labor. His average weekly earnings were $62.40 which would entitle him to weekly compensation in the sum of $37.44.

The defendant raises five points in its brief in chief, all of which can be determined by answering one question, "Was this suit barred by the one-year statute of limitations of the Workmen's Compensation Law?"

Defendant contends that since no latent injury was involved, the one-year statute began to run on July 8, 1959, and the running of the statute was not tolled or suspended.

This court has not passed upon the precise question presented, but there are a few cases which shed light on the matter.

In Hathaway v. New Mexico State Police, 57 N.M. 747, 263 P.2d 690, it was held that continued payment of claimant's salary,

while he was totally disabled and bedfast and until his claim was filed, was a gratuity which did not bar the filing of his claim as premature.

In George v. Miller & Smith, Inc., 54 N. M. 210, 219 P.2d 285, it was the supreme court's conclusion that the filing of a claim was premature when compensation was paid, except for a period of regular employment, until the date of filing the claim.

In Spieker v. Skelly Oil Company, 58 N.M. 674, 274 P.2d 625, the facts were similar in several respects to the facts of the present case. In that case, after an injury on January 13, 1953, the claimant was paid compensation from January 22, 1953, to January 25, 1953, in the amount of $17.14. On January 26 he returned to work at his usual duties with his employer, and continued to work at the same job previously held until April 13, when he was discharged, although he was paid to April 15, the day on which suit was filed. It was held that when the doctor released the workman to go back to work as being "cured," absent any suspicious circumstances, the employer was entitled to accept such statement and by it be relieved of the duty to continue compensation payments. It followed that filing suit two days after discharge was premature.

█ It is thus apparent this court recognizes that a return to previous employment and payment of regular wages for the performance of usual duties, absent any suspicious circumstances, relieves the employer of the duty of making compensation payments during such period of regular employment and payment of regular wages.

If the employer is relieved of the duty to pay compensation under such circumstances, it is only logical to conclude that the employee's obligation to file a suit during such period is suspended and the statute of limitations is thereby tolled. This is true where there is no showing of any suspicious circumstances which would put the employer on notice of a continued injury, thereby obligating him to continue paying compensation for the period involved.

█ Plaintiff did not work from July 8, 1959, to July 27, 1959, and was paid injury time or "I-Time" for two weeks. The court found payment of wages for this two weeks was in lieu of Workmen's Compensation benefits. Such payment was a gratuity and did not toll the statute of limitations for that period. Hathaway v. New Mexico State Police, supra.

██ Plaintiff was placed on a lay-off status on January 2, 1960, and continued to receive his regular wages until April 8, 1960, in the form of accrued sick leave and vacation benefits. Such payment was for services rendered prior to his discharge and, if due, was earned at the time of his discharge. The fact that such sum was

paid over a period of months would not toll the statute of limitations. Thus, we conclude that the statute began to run July 8, 1959, was suspended from July 27, 1959, to January 2, 1960, when it again began to run. Suit was filed September 1, 1960, well within the one-year limitation.

■ The trial court found the first compensation payment was due April 22, 1960. We hold the first payment was due from January 2, 1960.

On cross-appeal the plaintiff takes issue with the finding of the trial court of 35% partial disability and contends that the plaintiff is suffering 100% disability.

Sections 59–10–12.1, subds. A and C, and 59–10–18.3 N.M.S.A., 1953, Comp., are fully discussed in Batte v. Stanley's, N.M., 374 P.2d 124.

Plaintiff contends he is unable to work at the type of manual labor in which he was engaged prior to the accident and because of his age, education, inability to speak English, etc., he has absolutely no earning ability.

The evidence shows that he worked at his regular job after the accident for several months at his previous salary. After his discharge, because of being placed in a different classification by the second orthopedist who examined him, he had not worked. He testified he had not tried to find work.

X-rays taken the day after the accident showed a chronic osteo-arthritic condition of long standing, which had resulted in lipping or spurring of the vertebrae. X-rays taken immediately prior to his discharge several months later showed the same condition with no evidence of aggravation of his condition as a result of the accident, although there was some conflict of medical testimony on this point.

One medical expert released him to go back to work two weeks after the accident. The next examining expert testified that he was capable of doing something other than manual labor.

■■ The trial judge must consider all the evidence and the reasonable inferences to be deduced therefrom. A review of the evidence discloses that his determination of reduction in earning ability is supported by the evidence, and such finding will not be disturbed.

From the foregoing, the judgment of the lower court is affirmed except that such judgment should be corrected to provide for the payments to begin on January 2, 1960.

Attorneys' fees in this court of $750.00 are allowed.

IT IS SO ORDERED.

COMPTON, C. J., and CARMODY, J., concur.

On Motion for Rehearing.

Rehearing denied.

CARMODY, Justice (dissenting).

Although I initially concurred in the opinion prepared by Judge McCULLOH, which was filed on November 1, 1962, I cannot agree that the motion for rehearing be denied summarily.

I am of the opinion that the decision herein announced is probably contrary to Sanchez v. Bernalillo County, 1953, 57 N. M. 217, 257 P.2d 909; Lucero v. White Auto Stores, 1955, 60 N.M. 266, 291 P.2d 308; and Yardman v. Cooper, 1959, 65 N. M. 450, 339 P.2d 473. I do not believe that the holdings of the court in these three cases should be made doubtful without the participation of a full court.

It would also appear to me that it is almost impossible to reconcile the instant opinion with our recent holding in Batte v. Stanley's, 1962, 70 N.M. 364, 374 P.2d 124. This, too, is a question which I feel should be passed upon by the entire court.

I fully realize that under our present rule the motion may perhaps properly be denied when two of the three participating justices so signify. This would apparently follow from the rule of Flaska v. State, 1946, 51 N.M. 13, 177 P.2d 174.

Thus, I agree that the motion for rehearing will stand denied by operation of law; however, in view of my feeling with regard to the denial of the motion for rehearing, my concurrence in the opinion is hereby withdrawn and shall be considered as a special concurrence in the result only.

It should also be noted that the dilemma with which we are faced in this particular case will probably not occur again, in view of the recent amendment to Supreme Court Rule 18, which is to be effective April 1, 1963 (to appear as § 21–2–1 (18) (8), N.M. S.A.1953, 1963 Pocket Supp.).