796 P.2d 259

Johanna HOLFORD, Personal Representative for the Estate of Kenneth L. Holford, Claimant–Appellant,

v.

The REGENTS OF the UNIVERSITY OF CALIFORNIA, LOS ALAMOS NATIONAL LABORATORY, Respondent–Appellee.

No. 11582.

Court of Appeals of New Mexico.

June 12, 1990.

Certiorari Denied July 31, 1990.

Michael Schwarz, Ronald J. Van Amberg, Roth, Van Amberg, Gross & Rogers, Santa Fe, for claimant-appellant.

William P. Slattery, Campbell & Black, P.A., Santa Fe, for respondent-appellee.

OPINION

MINZNER, Judge.

Claimant appeals from the workers' compensation judge's decision granting respondent's motion to dismiss for failure to state a claim upon which relief could be granted. Claimant's husband was employed by respondent; he committed suicide on October 13, 1987. Claimant initially alleged that the decedent shot himself as a result of work pressure and work-caused stress and that job-related stress caused his depression and death. After respondent's motion

for a more definite statement was granted, claimant filed an amended claim that alleged, "As a direct and proximate result [of] on the job harassment which caused work stress, the decedent shot himself in the head." The amended claim described the harassment as refusing to address the decedent's concerns over disciplining subordinate employees; refusing to assist the decedent in his management of subordinates; intimidation, causing the decedent to leave his position with respondent; and otherwise engaging in actions not authorized by respondent's own internal policies. Respondent then filed a motion to dismiss, which was granted; claimant appeals this decision. Four issues are raised on appeal: (1) whether a hostile work environment alone entitles a dependent to workers' compensation death benefits for suicide; (2) the applicability of NMSA 1978, Section 52-1-24 (Repl.Pamp.1987) to claims for gradual stress injuries; (3) the constitutionality of Section 52-1-24; and (4) error in granting respondent's motion for a more definite statement. We affirm.

## Compensation for Suicide

Claimant contends that her allegations that a hostile work environment caused her husband's suicide are sufficient to entitle her to workers' compensation death benefits. In essence, claimant asserts that the hostile work environment was the accident which caused her husband's death. Since claimant did not make this argument below, we are not required to consider it on appeal. *See Woolwine v. Furr's, Inc.,* 106 N.M. 492, 745 P.2d 717 (Ct.App.1987). Nonetheless, we discuss this issue in order to make clear what a claimant must show to receive death benefits in a suicide case.

 Death benefits are to be provided "if an accidental injury sustained by a worker proximately results in 'his death within the period of two years following his accidental injury." NMSA 1978, § 52-1-46 (Repl.Pamp.1987). However, our legislature has determined that no compensation shall become due in the event that an injury was intentionally self-inflicted. NMSA 1978, § 52-1-11 (Cum.Supp.1989). Death

benefits shall be provided only when the death is proximately caused by an accident arising out of and in the course of employment and is not intentionally self-inflicted. NMSA 1978, § 52-1-9 (Repl.Pamp.1987). Absent evidence of mental derangement and causation, self-inflicted injuries are not compensable. *Schell v. Buell ECD Co.,* 102 N.M. 44, 690 P.2d 1038 (Ct.App.1983). We agree with claimant that our decision in *Schell* could be interpreted as involving but not requiring an initial compensable injury. Nevertheless, we do not believe that the legislature intended that a dependent receive death benefits unless that dependent proves the worker would have been entitled to compensation had he or she survived. *See Sanchez v. Bernalillo County,* 57 N.M. 217, 257 P.2d 909 (1953); *Martin v. White Pine Lumber Co.,* 34 N.M. 483, 284 P. 115 (1930). In *Martin,* our supreme court examined the nature and policies behind the Workmen's Compensation Act and held that where dependents have made a claim for benefits upon the death of a worker, the compensable character of the injury must be determined. Those same policies underlie the present Act. Thus, we conclude that the original injury must be compensable. For the reasons discussed below, we find that the facts alleged in this claim are not sufficient to establish that the decedent's original accidental injury was compensable.

## Applicability of Section 52-1-24

 Claimant argues that even if *Schell* can be properly read to require that the decedent's original stress injury stemming from the work environment be compensable, Section 52-1-24 does not bar compensation for the stress injury that she has alleged. She contends that the legislature did not make its definition all-inclusive when it stated that " 'impairment' includes physical impairment, primary mental impairment and secondary mental impairment." *See* § 52-1-24(A). Claimant argues that the deceased did not experience a disabling mental impairment, but instead suffered a sudden derangement that precipitated his suicide. Thus, claimant asserts, the impairment suffered by the dece-

dent is not based on a primary mental impairment.

To begin with, relief cannot be granted in this type of case if there is no allegation that an accidental injury produced a mental injury, which in turn made the suicide non-volitional. Absent evidence of mental injury and causation, self-inflicted injuries are not compensable. *See Schell v. Buell ECD Co.* Moreover, claimant in fact alleges that the work environment caused the derangement which resulted in the suicide. We fail to see any difference between the injury claimed and the mental impairment to which the statute refers. Thus, we believe that Section 52–1–24(B) is applicable as written and controls this case. We need not address claimant's argument that the statutory definition is not all-inclusive.

Under Section 52–1–24(B), in order for there to be a primary mental impairment, there first must be a psychologically traumatic event. *Jensen v. New Mexico State Police,* 109 N.M. 626, 788 P.2d 382 (Ct.App. 1990). Claimant has alleged that as a result of job harassment, which caused work stress, her husband shot himself in the head. The complaint describes the harassment in terms of refusing to address the decedent's concerns over disciplining subordinate employees; refusing to assist decedent in his management of subordinates; intimidation, causing decedent to leave his position with respondent; and otherwise engaging in actions not authorized by respondent's own internal policies. In *Jensen,* we stated that "Section 52–1–24(B) reflects a legislative intent to limit primary impairment to sudden, emotion-provoking events of catastrophic nature ... as opposed to gradual, progressive stress-producing causes such as occurred in *Candelaria* (harassment by supervisor over period of time)." *Id.* at 629, 788 P.2d at 385 (citing *Candelaria v. General Elec. Co.,* 105 N.M. 167, 730 P.2d 470 (Ct.App.1986)). Since no psychologically traumatic event has been alleged, any mental impairment suffered by the decedent is not compensable. *Id.*

*Constitutionality of Section 52–1–24*

■■■ Claimant contends that the classifications of impairment violate the due process and equal protection clauses of the New Mexico and United States Constitutions. There is no violation of the due process clause if the legislation has a reasonable relation to a proper legislative purpose and is neither arbitrary nor discriminatory. *Casillas v. S.W.I.G.,* 96 N.M. 84, 628 P.2d 329 (Ct.App.1981). Similarly, to demonstrate an equal protection violation, the complaining party must show that the legislation is not for a legitimate legislative purpose, *Sanchez v. M.M. Sundt Constr. Co.,* 103 N.M. 294, 706 P.2d 158 (Ct.App. 1985), and that it is clearly arbitrary and unreasonable. *Aetna Finance Co. v. Gutierrez,* 96 N.M. 538, 632 P.2d 1176 (1981).

■■■ In *Candelaria,* we considered the fact that in some jurisdictions courts have expressed concern that there is a large risk of groundless claims where a mental injury develops gradually and is linked to no particular incident. We further implicitly recognized the legitimacy of "the goal of reducing fraudulent claims in order to financially preserve the [workers' compensation] system." *Id.* 105 N.M. at 174, 730 P.2d at 477. Accordingly, we find that the limitations on proof of primary mental impairment in Section 52–1–24(B) are not arbitrary and unreasonable, but are rationally related to a legitimate legislative purpose. Therefore, the statute is constitutional. *See Findley v. Industrial Comm'n of Ariz.,* 135 Ariz. 273, 660 P.2d 874 (1983).

*Motion for a More Definite Statement*

■■■ Claimant contends that the judge abused his discretion in granting respondent's motion for a more definite statement after respondent answered the complaint. Claimant's argument that the complaint form she completed was mandatory is without merit; the claim form provided by the workers' compensation division pursuant to NMSA 1978, Section 52–5–5 (Cum.Supp. 1989) is made available to help pro se applicants, not to limit the pleadings of attorneys.

SCRA 1986, 1–012(E) (Cum.Supp.1989) reflects that such motions are to be made before a responsive pleading is filed. However, we note that respondent did suggest that the motion be recast as a motion to dismiss if claimant failed to allege that a specific event caused the decedent's mental impairment. For error to be reversible, it must be prejudicial. *State v. Wright*, 84 N.M. 3, 498 P.2d 695 (Ct.App.1972). Claimant has failed to show how she was prejudiced by the granting of the motion. We find that the hearing officer did not abuse his discretion in granting the motion.

*Conclusion*

We affirm.

IT IS SO ORDERED.

APODACA and CHAVEZ, JJ., concur.