**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0188-18T2

PAUL R. MELLETZ,

     Plaintiff-Appellant,

v.

BEGELMAN & ORLOW, PC,
ROSS BEGELMAN, and MARC
ORLOW,

     Defendants-Respondents.

_____

          Argued telephonically June 3, 2019 – Decided July 9, 2019

          Before Judges Yannotti and Gilson.

          On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-0407-17.

          Paul R. Melletz, appellant, argued the cause pro se.

          Regina D. Poserina argued the cause for respondents (Begelman & Orlow, PC, attorneys; Regina D. Poserina, on the brief).

PER CURIAM

This appeal arises out of a dispute between a lawyer, plaintiff Paul R. Melletz, and his former employer, defendant Begelman & Orlow, PC (the Firm), and former "partners," defendants Ross Begelman and Marc Orlow. On its website, the Firm had marketing videos that included references to, and images of, plaintiff. Plaintiff and defendants entered into a consent order to resolve the dispute over removing these references and images. Plaintiff appeals from an August 10, 2018 order denying his motion to enforce his litigant's rights related to the consent order. The trial court ruled that plaintiff had to pay one half of the costs of removing his name from the Firm's videos and that defendants were not required to remove a video showing the back of plaintiff's head.

We affirm the trial court's order in part because the image of the back of plaintiff's head in a video on the Firm's site is de minimis and not a violation of the consent order. We reverse the order in part because the consent order required defendants to remove all references to plaintiff's name from the Firm's website, and plaintiff should not bear the cost of defendants' compliance. Thus, we remand with the instruction that an order be entered directing defendants to reimburse plaintiff in the amount of $1250.

## I.

Plaintiff became associated with the Firm in 2008, when he entered into an employment agreement providing, among other things, that the Firm would do business under the name "Begelman, Orlow and Melletz." In 2012, the Firm prepared a series of marketing videos that could be seen on its website. One video consisted of a "firm overview," while three other videos concentrated on individual attorneys. Each video contained an approximately three-second reference to plaintiff, when individuals shown in the video verbally referred to the firm as "Begelman, Orlow and Melletz." The video thumbnails also displayed text reading "Begelman, Orlow & Melletz." The main "firm overview" video shows four individuals seated at a conference table. One of the individuals, with his back facing the camera, is plaintiff.

Plaintiff resigned from the Firm on January 2, 2017, amid disputes concerning nonpayment of loans plaintiff made to defendants, and plaintiff's salaries and bonus. Shortly thereafter, on February 14, 2017, plaintiff filed a nine-count complaint against the Firm, as well as Ross Begelman and Marc Orlow in their individual capacities. Relevant to this appeal, count five of the complaint alleged that defendants wrongfully continued to use plaintiff's name, and requested injunctive relief compelling defendants "to remove from their

A-0188-18T2

website the [p]laintiff's image, name and voice" and preventing the Firm "from using his name in any way[.]"[1]

On March 17, 2017, the parties entered a consent order requiring defendants to "remove from their website any reference to" plaintiff, "remove [his] images," and "cease using [p]laintiff's name in anyway whatsoever." Over a year later, on June 8, 2018, plaintiff filed a motion to enforce litigant's rights pursuant to Rule 1:10-3, seeking the removal of his name and image from videos on the Firm's website.[2]

Oral argument was held on August 3, 2018. At that time, defendants represented that the cost of editing the videos to remove references to plaintiff's name would be $2500. After the judge stated that she was inclined to split the cost between the parties, plaintiff argued that the rules of professional conduct (RPCs) require defendants to remove his name from all advertising, and there was no legal basis for requiring him to share the cost of that responsibility. The judge reasoned that plaintiff had consented to and taken part in creating the

---

[1] The parties represented to us that all other issues in the litigation have been resolved.

[2] Plaintiff filed a previous motion to enforce litigant's rights. The record on appeal, however, does not include the transcripts of the hearing of that prior motion. At oral argument before us, the parties agreed that in ruling on the prior motion, the trial court did not issue an order addressing the videos.

videos, and found that sharing the cost of editing the videos was an equitable resolution to the dispute. She also ruled that defendants would not be required to edit the portion of the video showing the back of plaintiff's head.

On August 10, 2018, the judge issued an order: (1) requiring plaintiff to pay $1250 to defendants for the cost of editing the videos; (2) requiring the videos to be edited and the website to be cleared of any references to "Melletz" within thirty days of plaintiff's payment; (3) denying plaintiff's request to have the back of his head removed from the Firm's video; (4) denying plaintiff's request for filing fees and costs incurred in filing the motion; (5) denying plaintiff's request for sanctions against defendants; (6) ruling that plaintiff has the right to edit any free internet websites referencing his name[3]; and (7) ordering that all future disputes be arbitrated. Thereafter, plaintiff paid $1250 to defendants, and the videos have been edited to remove his name, but not the images of the back of his head.

---

[3] Plaintiff had requested that defendants change the Firm's name as it appeared on internet directories, which are sites that offer free listings to businesses to increase those businesses' internet search visibility. The free listings can be "claimed" by the business and updated to reflect accurate information.

On appeal, plaintiff argues that the trial court abused its discretion by: (1) requiring plaintiff to pay for one half of the costs of editing the Firm's videos; and (2) allowing the Firm's website to continue using a video showing the back of his head.

Initially, we clarify what is at issue on this appeal. Plaintiff contends that RPC 7.1 obligates defendants to remove all references to him from their website and that Rule 1:21-1A(a) allows for judicial enforcement of the RPCs. RPC 7.1 provides in relevant part that

> A lawyer shall not make false or misleading communications about the lawyer, the lawyer's services, or any matter in which the lawyer has or seeks a professional involvement. A communication is false or misleading if it: (1) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading[.]

Generally, "a violation of the RPCs, standing alone, can[not] form the basis for a cause of action." Baxt v. Liloia, 155 N.J. 190, 201 (1998). Furthermore, the Committee on Attorney Advertising has "the exclusive authority to consider . . . ethical grievances concerning the compliance of advertisements and other related communications with [RPC 7.1]." R. 1:19A-2(a). Accordingly, plaintiff did not properly bring a claim under RPC 7.1.

Instead, plaintiff's motion was based on the March 17, 2017 consent order. Indeed, plaintiff is appealing from an order entered in response to his motion to enforce his rights under that consent order.[4]

Rule 1:10-3 "allow[s] for judicial discretion in fashioning relief to litigants when a party does not comply with a judgment or order." N. Jersey Media Grp. Inc. v. State, Office of Governor, 451 N.J. Super. 282, 296 (App. Div. 2017) (alteration in original) (quoting In re N.J.A.C. 5:96, 221 N.J. 1, 17-18 (2015)). "The particular manner in which compliance may be sought is left to the court's sound discretion." Ibid. (quoting Bd. of Educ. of Middletown v. Middletown Twp. Educ. Ass'n, 352 N.J. Super. 501, 509 (Ch. Div. 2001)).

We review a trial court's enforcement of litigant's rights pursuant to Rule 1:10-3 under an abuse of discretion standard. Wear v. Selective Ins. Co., 455 N.J. Super. 440, 458-59 (App. Div. 2018) (citing Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011)). "An abuse of discretion occurs when a decision was

---

[4] Plaintiff also cites to two New Jersey Advisory Committee on Professional Ethics opinions in support of his argument. See N.J. Eth. Op. 198, 94 N.J.L.J. 209 (N.J. Adv. Comm. Prof. Eth. 1971); N.J. Eth. Op. 286, 97 N.J.L.J. 457 (N.J. Adv. Comm. Prof. Eth. 1974). Those opinions address questions concerning the name of a partnership, where one of the partners withdraws from the firm, but continues to practice law. Those opinions do not control resolution of the issue on this appeal because the parties here entered into the March 17, 2017 consent order.

A-0188-18T2

'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 459 (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

Here, the trial court's decision to split the cost of editing plaintiff's name from the videos was inconsistent with the consent order. "A consent order is, in essence, an agreement of the parties that has been approved by the court." Hurwitz v. AHS Hosp. Corp., 438 N.J. Super. 269, 292 (App. Div. 2014). As such, a consent order operates as a contract between the parties. See ibid. Therefore, in construing a consent order, a court "examine[s] the plain language of the contract and the parties' intent, as evidenced by the contract's purpose and surrounding circumstances." Ibid. (quoting Highland Lakes Country Club & Cmty. Ass'n v. Franzino, 186 N.J. 99, 115 (2006)). "In doing so, 'the words of an agreement are given their "ordinary" meaning.'" Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 512 (2019) (quoting Flanigan v. Munson, 175 N.J. 597, 606 (2003)). "[I]f the contract into which the parties have entered is clear, then it must be enforced as written." Serico v. Rothberg, 234 N.J. 168, 178 (2018) (alteration in original) (quoting In re Cty. of Atl., 230 N.J. 237, 254 (2017)).

Here, the relevant language in the consent order states:

> 1. By March 24, 2017, Defendants shall remove from their website any reference to the Plaintiff . . . and remove [his] images as well.
>
> 2. Defendant[s] shall cease using Plaintiff's name in anyway whatsoever.

The plain meaning of this language is that defendants agreed to remove all references to plaintiff from the Firm's website. There is no reference or requirement that plaintiff share in the cost of that editing. Accordingly, we reverse the provision of the order that required plaintiff to pay for half the cost of editing the videos. We remand and direct that an order be entered requiring defendants to reimburse plaintiff in the amount of $1250.

The trial court did not abuse its discretion in denying plaintiff's request to have the video showing the back of his head removed from the Firm's website. Screenshots of the video provided to us show a man sitting at a conference table with several other people. The focus of the viewer is on another lawyer sitting across the table. Plaintiff is not named or featured in the video and there is no reference to plaintiff being a member of the Firm. Nevertheless, plaintiff is concerned because the back of his head and side of his face can be seen. Specifically, the viewer can see the back of a man's head, his left ear, a portion of his left cheekbone, a portion of his glasses, and his left shoulder. No facial

features are shown. Thus, most people viewing the video would be unlikely to recognize plaintiff.

Accordingly, the trial court was correct in denying plaintiff's request under the doctrine of de minimis non curat lex, or "[t]he law does not concern itself with trifles." Black's Law Dictionary 496 (9th ed. 2009); accord Besler v. Bd. of Educ. of W. Windsor-Plainsboro Reg'l Sch. Dist., 201 N.J. 544, 607 (2010). "The doctrine of de minimis 'has been considered to apply where no damage is implied by law from the wrong, and only trifling or immaterial damage results therefrom.'" Paternoster v. Shuster, 296 N.J. Super. 544, 559 (App. Div. 1997) (quoting Schlichtman v. N.J. Hwy. Auth., 43 N.J. Super. 464, 472 (Law Div. 1990)). Thus, the portion of the trial court's order denying plaintiff's request to remove the video showing the back of his head is affirmed.

Affirmed in part, reversed in part, and remanded with the direction that an order be entered directing defendants to reimburse plaintiff $1250. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0188-18T2